STATE OF NORTH CAROLINA v. DWIGHT AUSLEY

No. 8510SC880

(Filed 21 January 1986)

**Criminal Law § 149.1— deadlocked jury—mistrial—no appeal by State**

The State had no right to appeal from the trial court's order granting defendant's motion to dismiss made after the court had granted a mistrial because of a deadlocked jury. N.C.G.S. 15A-1445(a)(1).

Judge PHILLIPS concurring.

APPEAL by the State from *Battle, Judge.* Judgment entered 25 April 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 13 January 1986.

Defendant was charged in a proper warrant with misdemeanor child abuse, in violation of G.S. 14-318.2. After hearing evidence for the State and defendant and after due deliberation, the jury returned to open court and stated, through their foreman, that they were unable to agree on a verdict and would not be able to agree if given additional time to deliberate. The court found that the jury was hopelessly deadlocked and declared a mistrial. After the court dismissed the jury, defendant made a motion to dismiss pursuant to G.S. 15A-1227. From the trial court's order granting defendant's motion to dismiss, the State appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney Sylvia Thibaut, for the State.*

*Boyce, Mitchell, Burns & Smith, P.A., by Lacy M. Presnell, III, and Karen Britt Peeler, for defendant, appellee.*

HEDRICK, Chief Judge.

Although neither the State nor defendant addresses this issue in their briefs, we must decide whether the State may appeal the dismissal of the charges.

The State had no right to appeal at common law and statutes granting this right to the State must be strictly construed. *State v. Murrell*, 54 N.C. App. 342, 283 S.E. 2d 173 (1981), *disc. rev. denied*, 304 N.C. 731, 288 S.E. 2d 804 (1982). G.S. 15A-1445, in pertinent part, provides as follows:

State v. Ausley

(a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division:

(1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.

In *Murrell*, the State appealed from the trial court's order granting defendant's motion for judgment as in case of nonsuit for insufficiency of the evidence pursuant to G.S. 15-173. In that case, this Court held that principles of double jeopardy barred further prosecution after a dismissal for insufficiency of the evidence and dismissed the appeal.

In the present case, defendant's motion to dismiss was granted pursuant to G.S. 15A-1227, which provides:

(a) A motion for dismissal for insufficiency of the evidence to sustain a conviction may be made at the following times:

. . . .

(4) After discharge of the jury without a verdict and before the end of the session.

A motion to dismiss pursuant to this statute tests the sufficiency of the evidence to sustain a conviction and, in that respect, is identical to a motion for judgment as in the case of nonsuit under G.S. 15-173. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). Therefore, we follow the decision in *State v. Murrell* and hold that defendant cannot now be placed in jeopardy again upon these same charges, and the State has no right of appeal from the judgment entered.

Appeal dismissed.

Judges JOHNSON and PHILLIPS concur.

Judge PHILLIPS concurring.

This appeal is a vain thing for several reasons. It is not authorized by G.S. 15A-1445(a)(1), the only possible authority for it. If the statute did authorize it pursuing the appeal would accomplish nothing, since under the circumstances recorded defend-

ant's retrial is prohibited by the double jeopardy clause of the Fifth Amendment to the United States Constitution. And in my opinion, the evidence does not warrant a conviction and it is most unlikely that one could ever be obtained in any event. The record indicates that the prosecution was based upon the routine paddling of a fourth grade schoolboy by the school principal at the request of his teacher, the dismissal of the case followed a three day trial and the vote of eleven jurors to acquit, and there is no sound basis for believing that a second venire would view the matter differently from the first.