719 A.2d 661

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
FELIX VAN VALEN, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 13, 1998—Decided October 28, 1998.

Before Judges HAVEY, SKILLMAN and LESEMANN.

*Ivelisse Torres*, Public Defender, attorney for appellant (*Neal M. Frank*, Designated Counsel, of counsel and on the brief).

*Patricia A. Hurt,* Essex County Prosecutor, attorney for respondent (*Gary A. Thomas,* Assistant Prosecutor, of counsel and on the brief).

PER CURIAM.

A jury found defendant guilty of conspiracy to commit robbery, in violation of *N.J.S.A.* 2C:5–2, first degree robbery, in violation of *N.J.S.A.* 2C:15–1, aggravated assault, in violation of *N.J.S.A.* 2C:12–1b(1), terroristic threats, in violation of *N.J.S.A.* 2C:12–3, possession of a weapon under circumstances not manifestly appropriate for such lawful uses as it may have, in violation of *N.J.S.A.* 2C:39–5d, and possession of a weapon for an unlawful purpose, in violation of *N.J.S.A.* 2C:39–4d. Pursuant to *N.J.S.A.* 2C:43–7.1a (*L.* 1995, *c.* 126), entitled the "Persistent Offenders Accountability Act" and popularly known as the "Three Strikes and You're In" law, the court sentenced defendant to life imprisonment without eligibility for parole for first degree robbery. In addition, the court sentenced defendant to a concurrent five year term, with two-and-one-half years of parole ineligibility, for terroristic threats. The court merged defendant's other convictions into his conviction for robbery.

On appeal defendant makes the following arguments:

I. THE TRIAL COURT ERRED IN FAILING TO MERGE THE DEFENDANT'S CONVICTIONS UNDER *N.J.S.A.* 2C:12–3 (TERRORISTIC THREATS), WITH HIS CONVICTIONS UNDER *N.J.S.A.* 2C:15–1 (ROBBERY). (Not Raised Below).

II. THE DEFENDANT'S CONVICTIONS MUST BE REVERSED, SINCE THE JURY'S VERDICTS WERE AGAINST THE WEIGHT OF THE EVIDENCE. (Not Raised Below).

III. DEFENDANT'S SENTENCE WAS MANIFESTLY EXCESSIVE AND CONSTITUTIONALLY IMPERMISSIBLE.

Defendant's argument that the jury's verdicts were against the weight of the evidence is without merit and does not require discussion. *R.* 2:11–3(e)(2).

We reject defendant's challenges to the constitutionality of *N.J.S.A.* 2C:43–7.1a substantially for the reasons set forth in

Judge Riva's decision in *State v. Oliver,* 298 *N.J.Super.* 538, 548–54, 689 *A.*2d 876 (Law Div.1996).

Finally, we agree with defendant's argument that his conviction for terroristic threats should have been merged into his conviction for first degree robbery. *See State v. Pyron,* 202 *N.J.Super.* 502, 505, 495 *A.*2d 467 (App.Div.1985).

We remand for the entry of an amended judgment of conviction under which defendant's conviction for terroristic threats is merged into his conviction for robbery and as thus amended we affirm defendant's conviction and sentence.