720 A.2d 1001 (1998)
316 N.J. Super. 592
STATE of New Jersey, Plaintiff-Respondent,
v.
Gregory OLIVER, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted November 10, 1998.
Decided December 18, 1998.
Ivelisse Torres, Public Defender, for defendant-appellant (Robert L. Sloan, Assistant Deputy Public Defender, of counsel and on the brief).
Ronald S. Fava, Passaic County Prosecutor, for plaintiff-respondent (Gary H. Schlyen, Chief Assistant Prosecutor, of counsel and on the brief).
Defendant-appellant filed a pro se supplemental brief.
Before Judges MUIR, Jr., KEEFE and EICHEN.
EICHEN, J.A.D.
A jury found defendant guilty of first degree robbery, N.J.S.A. 2C:15-1a(1) and/or (2) and N.J.S.A. 2C:2-6 (count two); second degree aggravated assault, N.J.S.A. 2C:12-1b(1) (count three); and third degree aggravated assault, N.J.S.A. 2C:12-1b(2) (count four). He was acquitted of attempted murder, N.J.S.A. 2C:5-1, N.J.S.A. 2C:11-3 and *1002 N.J.S.A. 2C:2-6 (count one). The court sentenced defendant to life imprisonment without eligibility for parole for first degree robbery, pursuant to N.J.S.A. 2C:43-7.1a (L.1995, c. 126), entitled the "Persistent Offenders Accountability Act."[1] After merging the conviction on count four into count three, the judge imposed a concurrent ten-year term with five years of parole ineligibility on count three.
On appeal, defendant makes the following arguments:
POINT I AN INADEQUATE JURY INSTRUCTION ON ACCOMPLICE LIABILITY, WHICH FAILED TO EXPLAIN THAT DEFENDANT HAD TO SHARE THE PURPOSE TO COMMIT AN ARMED ROBBERY RATHER THAN A ROBBERY, DEPRIVED DEFENDANT OF THE RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL. U.S. CONST. AMEND. XIV; N.J. CONST. (1947) ART. I, PARS. 1, 9,10. (Not raised below).
POINT II
IMPROPER SUMMATION COMMENTS, DESIGNED TO INVOKE SYMPATHY FOR A VIRTUOUS VICTIM, DEPRIVED DEFENDANT OF THE RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL. U.S. CONST. AMEND. XIV; N.J. CONST. (1947) ART. I, PARS. 1, 9, 10. (Not raised below).
POINT III
THE STATE FAILED TO ESTABLISH THAT DEFENDANT WAS ELIGIBLE FOR AN EXTENDED TERM OF LIFE IMPRISONMENT WITHOUT PAROLE.
POINT IV
THE MANDATORY EXTENDED TERM SENTENCE OF LIFE WITHOUT PAROLE IMPOSED UNDER NEW JERSEY'S "THREE STRIKES" LAW, N.J.S.A. 2C:43-7.1a, CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT. U.S. CONST. AMENDS. VIII, XIV; N.J. CONST. (1947) ART. I, PAR. 12.
Defendant has submitted a supplemental pro se brief in which he makes the following additional arguments:
POINT I
THE VIDEOTAPED DEPOSITION WAS EXTREMELY DEFECTIVE, PREJUDICIAL, UNRELIABLE AND VIOLATED RIGHT TO CONFRONTATION UNDER N.J. COURT RULE 3:13-2(B)(C); AND NEW JERSEY RULES OF EVIDENCE, RULE 804(A)(B).
POINT II
JUDGE FALCONE'S INVOLVEMENT IN STATE WITNESS CASE WAS BIAS PREJUDICE DUE TO HIS PARTICIPATION IN CO-DEFENDANT'S VIDEOTAPE DEPOSITION AGAINST APPELLANT. (Not raised below).
POINT III
STATE WITNESS EXTRA-JUDICIAL TESTIMONY WHICH CONSTITUTED IN-COURT IDENTIFICATION WAS INADMISSIBLE NOTWITHSTANDING PRIOR INCONSISTENT HEARSAY STATEMENT.
POINT IV
WHETHER TRIAL COURT SHOULD HAVE GAVE JURY INSTRUCTION ON IDENTIFICATION, WHERE MISIDENTIFICATION WAS POSSIBLE IN VIOLATION OF THE DEFENDANT'S DUE PROCESS OF LAW.
We repeat the essential facts of the case as stated by Judge Riva in his reported decision, State v. Oliver, 298 N.J.Super. 538, 689 A.2d 876 (Law Div.1996):
The evidence revealed that on December 10, 1995, Gregory Oliver and James Fisher entered an abandoned apartment located in Building 10 of the Christopher Columbus Projects in Paterson. While Fisher was engaged in a conversation with Leon Johnson, Oliver struck Johnson in the back of the head with a four foot metal pipe and took from him $100 and crack cocaine, which he later shared with Fisher.
As a result of Oliver's actions, Johnson received a blood clot to his brain and several fractures to his skull. He also suffered from swelling and abrasions to the *1003 back of his head and bleeding to his left ear. His scalp was swollen and bruised. He was in a coma for about four days and sustained permanent brain damage.

[Id. at 545-546, 689 A.2d 876.]
We have carefully considered each of defendant's arguments in the context of the entire record and in light of the briefs and applicable legal principles and conclude they are without merit and do not require discussion in a written opinion. R. 2:11-3(e)(2). However, we deem it appropriate to comment briefly on the arguments in Points I and III of the Public Defender's brief.
As for Point I, we reject defendant's argument that the judge's accomplice liability instructions were inadequate requiring reversal of the convictions. Because trial counsel did not object to the court's instructions we have reviewed this contention under the plain error standard. See R. 1:7-2. Plain error is reversible only if it is "clearly capable of producing an unjust result." R. 2:10-2. Accordingly, we will reverse only if "the error led the jury to a result it otherwise might not have reached." State v. Macon, 57 N.J. 325, 336, 273 A.2d 1 (1971).
When the State proceeds under a theory of accomplice liability, the jury must be instructed that defendant "shared in the intent which is the crime's basic element, and at least indirectly participated in the commission of the criminal act." State v. Bielkiewicz, 267 N.J.Super. 520, 528, 632 A.2d 277 (App.Div.1993) (quoting State v. Fair, 45 N.J. 77, 95, 211 A.2d 359 (1965)). The judge must also instruct the jury that it could find the accomplice guilty of a lesser offense than the principal. Id. at 533, 632 A.2d 277. Here, Judge Riva did not give that specific instruction to the jury.
As a threshold matter, it is questionable whether an accomplice liability charge should have been given at all in this case because neither the State nor defendant presented that scenario. See State v. Rue, 296 N.J.Super 108, 115, 686 A.2d 348 (App.Div.1996). The State contended that defendant was the principal actor, while defendant maintained that he was not even present in the room where the robbery and assault occurred. Indeed, defendant maintained that the co-defendant Fisher was the principal actor and that someone else was with Fisher when the victim was brutally hit over the head and his property taken.
Even if the judge should have instructed the jury that it could convict defendant of the lesser included offense of second degree robbery as Fisher's accomplice if it found that defendant's purpose was only to participate in the robbery, and not to commit armed robbery, the failure to give a Bielkiewicz charge is not plain error where a jury could not reasonably conclude that defendant was an accomplice. Here, there was no evidence presented that the principal may have acted with a different purpose than the accomplice. Hence, even if the judge should have more fully instructed the jury on accomplice liability, the error was harmless. R. 2:10-2.
As for Point III, we conclude that defendant's arguments concerning defendant's eligibility for imposition of a life sentence without parole under N.J.S.A. 2C:43-7.1a are without merit. Accordingly, we affirm substantially for the reasons given by Judge Riva in his reported decision. We disagree, however, with one of the judge's findings with respect to the 1973 and 1979 convictions.
N.J.S.A. 2C:43-7.1a provides, in relevant part, that the lifetime imprisonment sanction applies only to a person "who has on two or more prior and separate occasions been convicted of [first degree robbery under Title 2C] or any similar statute of ... this state... for a crime that is substantially equivalent to [first degree robbery]." The State conceded that the three Title 2C robbery convictions in 1986, which were entered pursuant to guilty pleas, would only qualify as a single conviction because the three convictions were entered on the same day.[2] Consequently, *1004 the judge turned to defendant's robbery convictions in 1973 and 1979 entered pursuant to N.J.S.A. 2A:141-1 to determine whether he would qualify for a sentence of life imprisonment without parole.
The judge concluded that defendant's prior robbery convictions in 1973 and 1979 were "substantially equivalent" to a conviction of first degree robbery under N.J.S.A. 2C:15-1b. See State v. Oliver, supra 298 N.J.Super. at 565, 689 A.2d 876. The judge reasoned that because defendant was exposed to a sentence on each of these convictions within the same ten to twenty year range imposed for first degree robbery under Title 2C, the convictions qualified as "prior convictions" under N.J.S.A. 2C:43-7.1a. See id. at 565 and n. 11, 689 A.2d 876. We disagree with that determination because we conclude that the phrase a "substantially equivalent" conviction means a conviction with more than just the same range of sentence exposure. The judge recognized this himself when he discussed the qualitative similarity in criminal conduct between the 1979 and instant offenses. See id. at 565-566, 689 A.2d 876. Indeed, after reviewing the pre-sentence report, the victim's grand jury testimony and police reports in the 1979 robbery, the judge correctly concluded that the criminal conduct underlying that conviction was qualitatively similar to defendant's conduct in the instant case and, therefore, the 1979 conviction was "substantially equivalent" to a conviction under N.J.S.A. 2C:15-1b. The judge understood that in order to qualify as a "prior conviction," the pre-code offense must be supported by evidence of a forcible taking that produced serious bodily injury, or an attempt to cause such injury, while the defendant was armed with a deadly weapon. Hence, he properly concluded there was sufficient evidence in the record to support a conviction of first degree robbery for both the 1979 and the instant conviction. In both cases, defendant forcibly removed the victim's property after striking the victim in the head from behind with a hard object causing serious bodily injury to the victim.
There was an absence of similar proofs respecting the 1973 robbery. There, although the sentence exposure conformed to that for a first degree robbery offense, the State did not present any evidence of the nature, extent, and consequence of defendant's criminal conduct during the 1973 robbery similar to that presented in connection with the 1973 conviction. As earlier noted, evidence that defendant's sentence on the 1973 fell within the ten to twenty year range alone was not sufficient. Nonetheless, the two prior convictions in 1979 and 1986 found by the judge were sufficient to make defendant eligible for a sentence of life imprisonment without parole and, accordingly, we agree that defendant was properly sentenced under the provisions of N.J.S.A. 2C:43-7.1.
We also affirm the convictions substantially for the reasons expressed by Judge Riva in his decision below upholding the constitutionality of the Persistent Offenders Accountability Act. State v. Oliver, supra, 298 N.J.Super. at 546-563, 689 A.2d 876; see also State v. Van Valen, 316 N.J.Super. 20, 21-22, 719 A.2d 661 (App.Div.1998).
Affirmed.
NOTES
[1] N.J.S.A. 2C:43-7.1a is popularly known as the "Three Strikes and You're In" law.
[2] Defendant entered guilty pleas to offenses charged in three separate indictments on October 10, 1985, December 6, 1985, and December 11, 1985. He was sentenced pursuant to the terms of the plea agreements on January 6, 1986. We do not pass upon whether multiple pleas, as here, entered on different dates resulting in a simultaneous sentencing and entry of a single judgment of conviction may constitute convictions for offenses occurring on two or more prior and separate occasions under N.J.S.A. 2C:43-7.1a. See 2C:43-7.1d which states that "[p]rior convictions shall be defined and proven in accordance with 2C:44-4," and 2C:44-4 that defines a prior conviction as "[a]n adjudication which can be proved by any evidence ... that reasonably satisfies the court that the defendant was convicted" (emphasis added).