STATE OF NORTH CAROLINA v. MICHAEL SCOTT PARISI

No. COA98-989

(Filed 5 October 1999)

**Motor Vehicles— driving while impaired—prior out-of-state conviction—aggravating factor—substantially equivalent offense**

In a case involving driving while under the influence of an impairing substance under N.C.G.S. § 20-139.1, the trial court did not err in determining that defendant's conviction in New York for the offense of driving while ability impaired was a prior conviction constituting an aggravating factor for purposes of sentencing because both offenses are "substantially equivalent."

Appeal by defendant from judgment entered 2 April 1998 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 April 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Reuben F. Young, for the State.*

*Ledford & Murray, P.C., by Joseph L. Ledford, for defendant-appellant.*

McGEE, Judge.

Defendant entered a plea of guilty to driving while under the influence of an impairing substance in violation of N.C. Gen. Stat. § 20-138.1 on 2 April 1998. Prior to defendant's sentencing hearing, he provided the State with a copy of his case history listing from the State of New York, which showed that defendant had been convicted on 5 August 1991 of driving while ability impaired in violation of New York Vehicle and Traffic Law § 1192.1. The trial court determined that this conviction constituted a grossly aggravating factor and sentenced defendant at a Level Two punishment to a minimum term of twelve months' imprisonment. This sentence was suspended and defendant was placed on unsupervised probation for twenty-four months, the terms of which included an active sentence of seven days and the suspension of defendant's North Carolina driver's license. From this judgment defendant appeals.

**STATE v. PARISI**

[135 N.C. App. 222 (1999)]

Defendant argues that the trial court erred in determining that his conviction in New York for the offense of driving while ability impaired was a prior conviction involving impaired driving and was, therefore, a grossly aggravating factor for purposes of sentencing. We disagree.

N.C. Gen. Stat. § 20-179(c) (1993) states in part:

The judge must impose the Level Two punishment under subsection (h) of this section if the judge determines that only one of the grossly aggravating factors applies. The grossly aggravating factors are:

(1) A prior conviction for an offense involving impaired driving if:

a. The conviction occurred within seven years before the date of the offense for which the defendant is being sentenced; or

b. The conviction occurs after the date of the offense for which the defendant is presently being sentenced, but prior to or contemporaneously with the present sentencing.

The statute lists other factors which the trial court may consider as grossly aggravating factors, but the case before us concerns only the factor listed above. N.C. Gen. Stat. § 20-4.01(24a)(d) (1993) provides that an offense involving impaired driving includes "[a]n offense committed in another jurisdiction substantially equivalent to the offenses in subparagraphs a through c." Subparagraphs a through c of this section include the offenses of impaired driving, death by vehicle, second degree murder or involuntary manslaughter, provided these offenses were "based upon impaired driving or a substantially equivalent offense under previous law." N.C. Gen. Stat. § 20-4.01(24a).

N.C. Gen. Stat. § 20-138.1 (1993) defines the offense of impaired driving as follows:

(a) Offense.—A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more.

STATE v. PARISI

[135 N.C. App. 222 (1999)]

Defendant argues that New York's offense of driving while ability impaired is not "substantially equivalent" to North Carolina's offense of driving while under the influence of an impairing substance. N.C. Gen. Stat. § 20-138.1; N.Y. Vehicle and Traffic Law § 1192.

N.Y. Vehicle and Traffic Law § 1192 sets forth four different offenses prohibiting the operation of a motor vehicle after the consumption of alcohol or drugs:

1. Driving while ability impaired. No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.

2. Driving while intoxicated; per se. No person shall operate a motor vehicle while such person has .10 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article.

3. Driving while intoxicated. No person shall operate a motor vehicle while in an intoxicated condition.

4. Driving while ability impaired by drugs. No person shall operate a motor vehicle while the person's ability to operate such a motor vehicle is impaired by the use of a drug as defined in this chapter.

The New York offense of "driving while ability impaired" was defined by the Court of Appeals of New York in *People v. Cruz*, 48 N.Y.2d 419, 399 N.E.2d 513 (N.Y. 1979). The court stated:

It is evident from the statutory language and scheme that the question in each case is whether, by voluntarily consuming alcohol, this particular defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver.

*Id.* at 426-27, 399 N.E.2d at 516.

In *State v. Harrington*, 78 N.C. App. 39, 45, 336 S.E.2d 852, 855 (1985) (citations omitted), our Court stated in defining impairment that:

Under our statutes, the consumption of alcohol, standing alone, does not render a person impaired. An effect, however slight, on the defendant's faculties, is not enough to render him or her

impaired. Nor does the fact that defendant smells of alcohol by itself control. On the other hand, the State need not show that the defendant is 'drunk,' i.e., that his or her faculties are *materially* impaired. The effect must be appreciable, that is, sufficient to be recognized and estimated, for a proper finding that defendant was impaired.

Impair is defined as "[t]o weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in an injurious manner." Black's Law Dictionary 752 (6th ed. 1990). Appreciable is defined as "[c]apable of being estimated, weighed, judged of, or recognized . . . [p]erceptible but not a synonym of substantial." Black's Law Dictionary 101 (6th ed. 1990).

For a proper finding that defendant was impaired, *Cruz* requires that the defendant must have consumed alcohol to the point that the driver's physical and mental abilities, which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver, have actually been impaired to any extent. *Cruz* at 426-27, 399 N.E.2d at 516. *Harrington* requires that the effect on defendant's faculties must be "sufficient to be recognized and estimated." *Harrington* at 45, 336 S.E.2d at 855.

For the New York offense of driving while ability impaired to qualify as "substantially equivalent" to the North Carolina offense of driving while under the influence of an impairing substance, the respective statutes need not be identical in each and every respect. Substantially is defined as "[e]ssentially; without material qualification[.]" Black's Law Dictionary 1428 (6th ed. 1990). Equivalent is defined as "[e]qual in value, force, measure[.]" Black's Law Dictionary 541 (6th ed. 1990). Other jurisdictions have discussed what constitutes a "substantially equivalent" offense. *See State v. Oliver,* 720 A.2d 1001, 1004 (N.J. Super. A.D. 1998) (criminal conduct underlying prior conviction "qualitatively similar to defendant's conduct in the instant case and, therefore, [the prior conviction] was 'substantially equivalent[]' "); *O'Neill v. State,* 661 So.2d 1265, 1268 (Fla. App. 5 Dist. 1995) (in order to qualify as substantially similar, the South Carolina statute need not "mirror" the Florida statute; "[t]he out-of-state conviction need only be 'substantially similar' . . . in elements and penalties[]").

In determining whether an offense was substantially equivalent, the Pennsylvania Supreme Court recently discussed in *Com. v. Robertson,* 722 A.2d 1047, 1048 (Pa. 1999) whether "the Maryland crime of driving while intoxicated . . . [was] an 'equivalent offense' to

the Pennsylvania crime of driving under the influence of alcohol[.]" *Robertson* at 1048. Defendant had been convicted of driving under the influence as a repeat offender and argued on appeal that his Maryland conviction for driving while intoxicated should not have been considered as a prior conviction because it was not an equivalent offense. *Id.* at 1050. The court stated that a person was guilty of driving under the influence of alcohol in Pennsylvania "if he drove, operated or was in physical control of the movement of any vehicle: (1) while under the influence of alcohol to a degree which rendered him incapable of safe driving[.]" *Id.* (citation omitted). The court stated that "a person was guilty of driving while intoxicated in Maryland simply if he drove or attempted to drive any vehicle while intoxicated." *Id.* (citation omitted). In holding that the two statutes contained substantially equivalent offenses, the court stated that "[t]he two statutes [were] not divergent simply because a showing that the person was incapable of unsafe operation of a motor vehicle was not a necessary element of proof in a prosecution" under the Maryland statute. *Id.* at 1051. The court further stated that although:

> Maryland require[s] only a showing of intoxication, we fail to see how this renders the statutes so different that appellant cannot be said to be a repeat offender. Appellant fails to explain, and we fail to comprehend, how a person could be intoxicated and yet be capable of safe operation of a motor vehicle.

Both the North Carolina and the New York offenses require that a defendant be impaired to the extent that the driver's ability to operate a vehicle is diminished. The tenuous difference between the two offenses is that *Harrington* requires appreciable, or perceptible impairment, whereas *Cruz* simply requires impairment to any extent. As in *Robertson*, the two statutes are "not divergent" simply because the New York offense does not require a showing of perceptible impairment in a prosecution for driving while ability impaired. Although the definitions of "impairment" under North Carolina and New York laws are not identical and the statutes do not "mirror" one another, *O'Neill* at 1268, they are "substantially equivalent." N.C.G.S. § 20-138.1; N.Y. Vehicle and Traffic Law § 1192; N.C.G.S. § 20-4.01(24a)(d). North Carolina's offense of driving while under the influence of an impairing substance and New York's offense of driving while ability impaired are "substantially equivalent" offenses. The trial court did not err in determining that defendant's conviction in New York for the offense of driving while ability impaired was a grossly aggravating factor in sentencing defendant.

Affirmed.

Judges GREENE and MARTIN concur.