STATE OF NORTH CAROLINA v. BRIAN ALEXANDER SCOTT

No. COA00-479

(Filed 18 September 2001)

1. **Constitutional Law— double jeopardy—appeal by State from dismissal after verdict**

    The State was authorized by N.C.G.S. § 15A-1445(a)(1) to bring an appeal from the dismissal of an impaired driving charge for insufficient evidence after the jury returned a verdict of guilty. Even though defendant argued that the dismissal had the force and effect of a not guilty verdict and that reversal on appeal would violate double jeopardy, a reversal on appeal would only serve to reinstate the verdict. Defendant's double jeopardy rights have not been violated as long as he would not be subjected to a new trial on the issues.

**2. Motor Vehicles— impaired driving—sufficiency of evidence**

The trial court did not err by dismissing a charge of driving while impaired for insufficient evidence where the only evidence presented by the State was that defendant stopped his vehicle in an intersection after being signaled by an officer; defendant jumped out of the vehicle, approached the officer, and returned to his car when ordered by the officer; the officer smelled alcohol within the vehicle and on defendant; the officer noticed a half-full open bottle of beer on the seat beside defendant; and defendant had slurred speech. The State did not offer any evidence that defendant had difficulty controlling the vehicle, that he appeared appreciably impaired or that defendant's car had been weaving; there were limited places in which to pull the vehicle over; defendant did not appear to stumble or have difficulty walking when he left the vehicle; defendant was compliant, courteous, and non-combative at all times; defendant was not asked to submit to field sobriety tests; and defendant refused the Intoxilyzer test.

Appeal by the State from judgments entered 14 October 1999 by Judge Stafford G. Bullock in Durham County Superior Court. Heard in the Court of Appeals 17 April 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Daniel Shatz, for defendant-appellee.*

CAMPBELL, Judge.

Defendant was indicted on charges of driving while impaired, driving while license revoked, habitual driving while impaired, carrying a concealed weapon, possession of a firearm by a felon, and for being a habitual felon. Prior to trial, defendant informed the trial court that he intended to plead guilty to the driving while license revoked charge, and that he would do so at the conclusion of the trial on the remaining charges.

At the conclusion of the State's case in chief on the driving while impaired, concealed weapon, and possession of a firearm by a felon charges, defendant moved to dismiss the charges against him due to insufficient evidence. This motion was denied by the trial court. The jury found defendant not guilty of carrying a concealed weapon and possession of a firearm by a felon, but guilty of driving while

impaired. Defendant then moved again for dismissal of the impaired driving charge based on insufficient evidence under N.C. Gen. Stat. § 15A-1227(a)(3) (1999). The trial court granted this motion. Having no other felony charges pending against him, the trial court also dismissed the habitual felon charge.

The State has appealed to this Court contending that the trial court erred in granting defendant's N.C. Gen. Stat. § 15A-1227(a)(3) motion to dismiss based on insufficient evidence. Defendant asserts the State has no right to bring this appeal. Thus, we address this issue first.

[1] At common law, the State had no right to bring an appeal. *State v. Ausley*, 78 N.C. App. 791, 338 S.E.2d 547 (1986). Therefore, the State may only appeal a ruling if authorized to do so by statute. *Id.* N.C. Gen. Stat. § 15A-1445(a)(1) (1999) authorizes an appeal by the State where "there has been a decision or judgment dismissing criminal charges as to one or more counts," unless "the rule against double jeopardy prohibits further prosecution."

Clearly, granting defendant's motion to dismiss based on insufficient evidence was a "decision or judgment dismissing criminal charges." Therefore the State is within the statutory authority to bring this appeal as long as it does not violate the rule against double jeopardy. N.C. Gen. Stat. § 15A-1445(a)(1). The Double Jeopardy Clause is embodied in the Fifth Amendment of the United States Constitution, and its principles apply to the states through the Fourteenth Amendment. *State v. Sanderson*, 346 N.C. 669, 676, 488 S.E.2d 133, 136 (1997). The Double Jeopardy Clause ensures that "[o]nce a defendant has been tried for and acquitted of a crime . . . [he is protected] from being tried again for that crime," *id.*, and it acts to protect the individual from "being subjected to [the] 'embarrassment, expense and ordeal,' " of a second trial. *State v. Gilley*, 135 N.C. App. 519, 526, 522 S.E.2d 111, 116 (1999) (quoting *State v. Gardner*, 315 N.C. 444, 452, 340 S.E.2d 701, 707 (1986)).

Defendant contends that N.C. Gen. Stat. § 15A-1227(a)(3) (dismissal for insufficient evidence) and N.C. Gen. Stat. § 15-173 (1999) (allowing a motion for nonsuit, i.e., a dismissal for insufficient evidence) should be read together. When read together, defendant argues, these provisions imply that when the trial court granted defendant's motion to dismiss for insufficient evidence, it had "the force and effect of a verdict of 'not guilty' " on appeal. N.C. Gen. Stat. § 15-173. Therefore, since the dismissal had the effect of a not guilty

verdict, any further prosecution would violate the provisions of double jeopardy. We disagree.

When the State appeals from a criminal proceeding, and a reversal at the appellate level would result in a new trial—requiring defendant to once again defend himself, with all the emotional and monetary burdens associated therewith—the rule against double jeopardy would prohibit further prosecution. Thus, N.C. Gen. Stat. § 15A-1445(a)(1) does not authorize an appeal by the State in that situation. However, where, as in the case before us, the reversal would only serve to reinstate the verdict rendered by the jury, defendant is in no danger of reprosecution, and the appeal does not place the defendant in double jeopardy. As stated by the United States Supreme Court in *United States v. Wilson*, 420 U.S. 332, 344-45, 43 L. Ed. 2d 232, 242 (1975), where "reversal on appeal would merely reinstate the jury's verdict, review of such an order does not offend the policy against multiple prosecution." Accordingly, "where there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended." *Id.* at 344, 43 L. Ed. 2d at 242; *see also Smalis v. Pennsylvania*, 476 U.S. 140, 145 n.8, 90 L. Ed. 2d 116, 122 n.8 (1986); *State v. Metcalfe*, 974 P.2d 1189, 1192-93 (Or. 1999); *State v. Cetnar*, 775 A.2d 198, 203-04 (N.J. Super. Ct. App. Div. 2001); *State v. Timoteo*, 952 P.2d 865, 869 (Haw. 1997); *State v. Vorgvongsa*, 692 A.2d 1194, 1198 (R.I. 1997).

In the case *sub judice*, defendant has already had his trial, had his right to be heard and to present evidence, and will suffer no further harm (other than imposition of punishment) should this Court reverse the trial court's order, for the original jury verdict finding defendant guilty of driving while impaired would simply be reinstated. The emphasis of double jeopardy is on the possibility of defendant being subjected to a new trial—not whether the dismissal acts as a verdict of not guilty. As long as defendant would not be subjected to a new trial on the issues, his double jeopardy rights have not been violated. Therefore, we hold that the State may lawfully bring this appeal, as it does not violate the rule against double jeopardy.

[2] Having held that the State is entitled to bring this appeal, we turn to the assignment of error before us: whether the trial court was correct in granting defendant's motion to dismiss the impaired driving charge based on insufficient evidence. As both parties agree that the only element of this offense in question is

whether or not defendant was impaired, we will limit our discussion to this element.[1]

As defendant refused to take the Intoxilyzer test, the State needed to prove beyond a reasonable doubt that defendant was impaired through his actions and words, and through other indicia that showed he was appreciably impaired. We conclude the State has not met this burden.

The only evidence presented by the State to indicate that defendant was impaired is the following: (1) that, after being signaled by the officer to pull over, defendant had brought the vehicle to a stop in an intersection; (2) that defendant stopped the vehicle, jumped out of the vehicle and approached the officer, whereupon the officer ordered defendant back to the vehicle, and defendant complied; (3) that the officer smelled alcohol coming from within the vehicle; (4) that the officer noticed an open bottle of beer on the seat beside defendant; (5) that the bottle of beer was approximately one-half full; (6) that after defendant exited the vehicle, the officer noticed an odor of alcohol coming from defendant and/or defendant's clothing; and (7) that defendant appeared to have slurred speech. We hold that this evidence, in and of itself, is not sufficient to prove beyond a reasonable doubt that defendant was appreciably impaired. This Court has previously stated:

> [u]nder our statutes, the consumption of alcohol, standing alone, does not render a person impaired. An effect, however slight, on the defendant's faculties, is not enough to render him or her impaired. Nor does the fact that defendant smells of alcohol by itself control. . . . The effect must be appreciable, that is, sufficient to be recognized and estimated, for a proper finding that defendant was impaired.

*State v. Parisi*, 135 N.C. App. 222, 224-25, 519 S.E.2d 531, 533 (1999) (quoting *State v. Harrington*, 78 N.C. App. 39, 45, 336 S.E.2d 852, 855 (1985)).

---

1. N.C. Gen. Stat. § 20-138.1 (1999) entitled "Impaired Driving," reads in pertinent part:

(a) Offense.—A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more.

Here, the State has not offered any evidence indicating that defendant had difficulty controlling the vehicle or that he appeared appreciably impaired. Although the officer did testify that defendant stopped his vehicle in the middle of an intersection, the transcript shows that the roads formed a T-intersection, and therefore at that intersection, there were limited places in which to pull the vehicle over. Furthermore, on cross-examination, the officer testified that he at no time observed defendant weaving in and out of his lane or within his lane, that defendant did not appear to stumble or have any difficulty walking when he left the vehicle, and that defendant was at all times compliant, courteous, and non-combative. In addition, defendant was not asked to submit to any field sobriety tests (which are designed to test whether or not an individual is impaired), as the officer was not trained in field sobriety tests at that time.

Thus, we conclude that the trial court was correct in dismissing the impaired driving charge due to insufficient evidence as the State has not proven defendant was appreciably impaired.

Affirmed.

Judges GREENE and McGEE concur.