875 A.2d 964

STATE OF NEW JERSEY, PLAINTIFF/RESPONDENT, v.
MITCHELL R. JORDAN, DEFENDANT/APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 8, 2005—Decided June 14, 2005.

Before Judges KESTIN, LEFELT and FALCONE.

*Yvonne Smith Segars*, Public Defender, attorney for appellant (*J. Michael Blake*, Assistant Deputy Public Defender, on the brief).

*Bruce J. Kaplan*, Middlesex County Prosecutor, attorney for respondent (*Simon Louis Rosenbach*, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FALCONE, J.A.D.

In this appeal, we are called upon to determine whether a prior conviction for second-degree robbery could serve as one of the two required predicate offenses for imposition of sentence under *N.J.S.A.* 2C:43–7.1a, part of the Persistent Offender Accountability Act (the Act), popularly known as the "Three Strikes and You're In" law. *N.J.S.A.* 2C:43–7.1a provides, in pertinent part,

that a person convicted of robbery under *N.J.S.A.* 2C:15–1 or first-degree aggravated sexual assault during the commission or attempted commission of a robbery, "who has been convicted of two or more crimes that were committed on prior or separate occasions, regardless of the dates of the convictions," under any of the statutes enumerated, "shall be sentenced to a term of life imprisonment by the court, with no eligibility for parole." Because we are satisfied that the two earlier convictions or "strikes" referenced in that subsection of the Act must be for crimes of the first-degree in order for the enhanced punishment mandated by the statute to be imposed, we vacate the sentence imposed under the Act.

In November 1998, a Middlesex County Grand Jury returned an indictment charging defendant, Mitchell R. Jordan, with first-degree kidnapping, *N.J.S.A.* 2C:13–1b (count one); first-degree aggravated sexual assault upon E.B. during the commission or attempted commission of a robbery, *N.J.S.A.* 2C:14–2a (count two); first-degree aggravated sexual assault upon E.B. during the commission or attempted commission of a kidnapping, *N.J.S.A.* 2C:14–2a (count three); first-degree aggravated sexual assault upon E.B. during the commission or attempted commission of a burglary, *N.J.S.A.* 2C:14–2a (count four); second-degree robbery, *N.J.S.A.* 2C:15–1 (count five); second-degree burglary, *N.J.S.A.* 2C:18–2 (count six); third-degree endangering the welfare of a child (fourteen-year-old E.B.), *N.J.S.A.* 2C:24–4a (count seven); third-degree aggravated criminal sexual contact with E.B., *N.J.S.A.* 2C:14–3a (count eight); and third-degree terroristic threats, *N.J.S.A.* 2C:12–3a (count nine).

As a result of an unsuccessful attempt to resolve this indictment, as well as a number of other unrelated indictments, by way of a negotiated plea agreement, this matter was given a trial date of June 3, 2002. On that date, defendant decided to enter pleas of guilty to all counts of the indictment. During the plea proceedings, the judge advised defendant that the State could request that he be sentenced as a persistent offender, which meant that he

could be sentenced to life imprisonment without the possibility of parole. The judge accepted the pleas of guilty to counts two through nine, but advised that he would reserve judgment on count one until sentencing because he was not sure if defendant had provided an adequate factual basis as to that charge. Since the court was already in possession of a presentence report, which had been prepared in connection with the earlier negotiated plea agreement that was vacated on defendant's motion to withdraw, the sentence was scheduled for later in the week. That afternoon, the State prepared its motion to have defendant sentenced as a persistent offender and filed the motion papers with the court. The defendant was served with the motion papers the next day.

On June 6, 2002, after hearing the arguments of counsel, the court concluded there was no adequate factual basis to accept defendant's plea of guilty to the kidnapping charge (count one) and "the count dealing with the commission of an aggravated sexual assault during the commission of the kidnapping" (count three). These counts were inactivated pending appeal. Prior to imposing sentence on the remaining counts, the court heard argument from counsel on the State's motion and concluded that defendant would be sentenced under *N.J.S.A.* 2C:43–7.1a, since he had been convicted of robbery on two prior occasions, *i.e.*, first-degree in November 1988 and second-degree in January 2000.

After merging counts five, six, seven, eight and nine with counts two and four, the court sentenced defendant to an extended term of life imprisonment without parole on count two, a concurrent extended term of life imprisonment without parole on count four, and community supervision for life under *N.J.S.A.* 2C:43–6.4a. In addition, defendant was ordered to comply with the registration and notification provisions of *N.J.S.A.* 2C:7–3 and *N.J.S.A.* 2C:7–7. All required fines and penalties were imposed.

Because the sentencing judge had not been able to find legal authority for using a second-degree robbery conviction as a predicate offense for the sentence he had imposed, he went on to make findings "regarding what the sentence of the defendant would

have been had he not been eligible to be sentenced to life imprisonment without parole." In this regard, and after reviewing defendant's record and making specific findings, the court stated it would have exercised discretion and sentenced defendant to "a term of life imprisonment with a period of parole ineligibility of 25 years." *See N.J.S.A.* 2C:43–7.1b(1), *N.J.S.A.* 2C:43–7a(1), and *N.J.S.A.* 2C:43–7b. Defendant has not argued that this "alternative" sentence is impermissible.

On appeal, defendant raises the following argument:

POINT I

THE TRIAL COURT ERRED IN SENTENCING MR. JORDAN TO A LIFE SENTENCE WITHOUT PAROLE PURSUANT TO *N.J.S.A.* 2C:43–7.1a BE-CAUSE ONLY FIRST DEGREE CRIMES MAY BE THE PREDICATE OF-FENSE FOR THIS EXTREME SENTENCE.

 After a review of the arguments advanced by counsel, as well as a review of the legislative history of *N.J.S.A.* 2C:43–7.1 and relevant case law, we concur with defendant's position and vacate the sentence imposed.

Prior to enactment of *N.J.S.A.* 2C:43–7.1, Governor Whitman, in a conditional veto dated May 8, 1995, returned the proposed legislation to the Senate with her recommendations, including the following:

I am advised by the Attorney General that the provisions of this bill are inconsistent with the grading structure for offenses in the New Jersey Code of Criminal Justice (the "Criminal Code"). The bill punishes a person convicted of three fourth degree crimes (crimes graded as the least serious crimes in the Criminal Code) in the same manner as it punishes a person convicted of three first degree crimes (crimes graded as the most serious crimes in the Criminal Code). In effect, the bill is contrary to the legislative principle that criminal punishment should fit the seriousness of the crime.

I recommend, therefore, that this bill be amended to establish a two-tier sentencing structure which comports to the grading structure for crimes in the Criminal Code. *Under the recommended two-tier sentencing structure, a person convicted on separate occasions of at least three first degree crimes listed in the first tier will be sentenced to life imprisonment without parole. A person convicted on separate occasions of at least three second or third degree crimes*

*listed in the second tier, or any combination of three crimes from the first and second tiers, will receive an extended term of imprisonment for the third crime.*

[Emphasis added].

Thereafter, the Legislature made the recommended changes and the bill was signed into law, becoming effective on June 22, 1995. In her news release, the Governor noted:

The legislation sets up a two-tier sentencing structure providing life without parole for persons who are convicted of *first degree* crimes on three separate occasions. Under the law, persons convicted of any three of the following crimes would be subject to life imprisonment: murder, aggravated manslaughter, certain aggravated sexual assaults, *armed robbery,* carjacking and kidnapping.

A person convicted on separate occasions of at least three second or third degree crimes enumerated in the law, or a combination of crimes from the first and second tiers, will receive an extended term of imprisonment for the third crime.

[Emphasis added].

The constitutionality of the Act was upheld in *State v. Oliver,* 298 *N.J.Super.* 538, 689 *A.*2d 876 (Law Div.1996), *aff'd on other grounds,* 316 *N.J.Super.* 592, 720 *A.*2d 1001 (App.Div.1998), *aff'd,* 162 *N.J.* 580, 745 *A.*2d 1165 (2000). Pertinent to our discussion, the trial court in *Oliver* noted:

*N.J.S.A.* 2C:43–7.1a refers simply to *N.J.S.* 2C:15–1 without distinguishing between first and second degree robbery. For purposes of this decision, however, the court is satisfied that reference to *N.J.S.* 2C:15–1 in *N.J.S.A.* 2C:43–7.1a was meant to apply only to first degree robbery. This conclusion follows from the fact that *N.J.S.A.* 2C:43–7b(1) specifically refers to second degree robbery.

[*Id.* at 564, n. 10, 689 *A.*2d 876.]

In *State v. Rhodes,* 329 *N.J.Super.* 536, 748 *A.*2d 625 (App.Div.), *certif. denied,* 165 *N.J.* 487, 758 *A.*2d 647 (2000), the defendant had been sentenced to life imprisonment without parole. In support of its motion for the sentence, the State had relied upon a New York robbery conviction as one of the predicate offenses or "strikes." On appeal, we held that the New York conviction was not "substantially equivalent" to the crime of robbery under *N.J.S.A.* 2C:15–1 and noted: (1) "the Legislature did not intend second degree robbery to be an offense which is comprehended by the Three Strikes Law"; and (2) "*N.J.S.A.* 2C:43–7.1b(1) specifically refers to second degree robbery as an offense to be considered as

one of the constituent crimes necessary for authorizing an extended term for repeat offenders." *Id.* at 543, 748 *A.*2d 625.

Subsequently, in *State v. Livingston,* 172 *N.J.* 209, 797 *A.*2d 153 (2002), the Supreme Court addressed whether a defendant could be sentenced to life imprisonment without parole when his two prior convictions for first-degree robbery were imposed in one proceeding, although the crimes had been committed almost two years apart. After discussing the legislative history of the Act, the Court applied the rule of lenity, which required it "to construe penal statutes strictly and interpret ambiguous language in favor of a criminal defendant", and concluded that the Act was not applicable because it literally applied only to those defendants who had been convicted "in two or more separate and distinct proceedings held on different dates, rather than one single continuous proceeding." *Id.* at 218, 213, 797 *A.*2d 153. Finally, and particularly relevant to our discussion, the Court noted that *N.J.S.A.* 2C:43–7.1a "mandates life imprisonment without parole for a person who has been convicted of first degree robbery on three 'separate occasions'." *Id.* at 217, 797 *A.*2d 153. To the extent this statement is deemed dictum, we note that we are "bound by carefully considered dictum from the Supreme Court." *State v. Breitweiser,* 373 *N.J.Super.* 271, 282–83, 861 *A.*2d 176 (App.Div.2004), *certif. denied,* 182 *N.J.* 628, 868 *A.*2d 1031 (2005).

In direct response to *Livingston,* both the Assembly and Senate introduced a proposed amendment to the Act, which became effective on April 23, 2003. *L.* 2003, *c.* 48, § 1. The separate statements accompanying both versions of the proposed amendment made it clear that the Act covered "defendants convicted of certain first degree crimes who have previously been convicted, on two separate occasions, *of those crimes* " including *"robbery in the first degree." Senate Judiciary Committee, Statement to S. 1733* and *Assembly Judiciary Committee, Statement to A. 3051* (enacted as *L.* 2003, *c.* 48, § 1). (Emphasis added).

In these circumstances, and in line with the principle that criminal statutes are to be strictly construed, *see State v. Gallo-*

*way*, 133 *N.J.* 631, 658–59, 628 *A.*2d 735 (1993), we are satisfied that the substantial penal consequences that flow from a sentence of life imprisonment without parole require a narrow construction of the statute consistent with the apparent legislative intent to limit the "strikes" in *N.J.S.A.* 2C:43–7.1a to those crimes of the first degree enumerated therein or their substantial equivalent "under any similar statute of the United States, this State, or any other state. . . ."

The sentence imposed is vacated and the matter is remanded for entry of a judgment of conviction consistent with the alternative sentence imposed on June 6, 2002.