NO. COA14-125

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

STATE OF NORTH CAROLINA

v.                                    Mecklenburg County
                                      No. 11 CRS 204350
SUSAN DENISE SHAW


Appeal by defendant from judgment entered 25 February 2013 by Judge Sharon Tracey Barrett in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*

> *Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant.*


ELMORE, Judge.


Defendant appeals from judgment entered 25 February 2013 after she pled guilty to driving while impaired (DWI). The trial court sentenced defendant to imprisonment for 12 months minimum, 12 months maximum, which was suspended for 18 months on various conditions including an active sentence of 14 days imprisonment. After careful consideration, we dismiss defendant's appeal.

## I. Facts

On 25 October 2011, Susan Denise Shaw (defendant) was convicted of misdemeanor DWI in Mecklenburg County District Court. She appealed the conviction to Mecklenburg County Superior Court and pled guilty to the same charge on 25 February 2013. The trial court found one grossly aggravating factor, a prior DWI conviction within seven years before the current conviction's offense date, and imposed a Level Two punishment. Defendant timely appeals to this Court.

## II. Analysis

### a.) Right to Appeal

The State argues for this Court to dismiss defendant's appeal because defendant has no statutory right to appeal. We agree.

N.C. Gen. Stat. § 15A-1444(e) (2013), in relevant part, states:

> Except as provided in subsections (a1) and (a2) of this section . . . the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

Thus, a defendant can appeal as a matter of statutory right pursuant to a guilty plea, in pertinent part, if she satisfies

either N.C. Gen. Stat. §§ 15A-1444 (a1) or (a2). Under subsection (a1):

> A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.

N.C. Gen. Stat. § 15A-1444(a1) (2013).

The provision of (a1) does not apply to the case at bar because defendant did not enter a plea of guilty to a felony. *See id*. Moreover, defendant's argument on appeal solely relates to the State's failure to give timely notice of its intent to seek a grossly aggravating factor at sentencing, not whether her sentence was supported by evidence introduced at the sentencing hearing. We also note that while defendant requests, in the alternative, that we "review the case under [our] certiorari jurisdiction[,]" we do not have the authority to do so under these circumstances. *See* N.C. R. App. P. 21(a)(1) (providing that this Court may issue a writ of certiorari to "permit review of the judgments and orders of trial tribunals when the right to

prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review . . . of an order of the trial court denying a motion for appropriate relief"). Even if we had such authority, defendant nevertheless fails to satisfy the filing and content requirements of a petition for writ of certiorari pursuant to Appellate Rule 21(c). *See* N.C. R. App. P. 21(c).

Under subsection (a2), the specific enumerated statutory avenues of appeal fall under Article 81B (Structured Sentencing), which is expressly inapplicable to a defendant convicted of DWI. *See* N.C. Gen. Stat. § 15A-1444(a2); *see also* N.C. Gen. Stat. § 15A-1340.10 (2013) ("[Article 81B] applies to criminal offenses in North Carolina, *other than impaired driving under G.S. 20-138.1[.]*") (emphasis added).

Defendant cites *State v. Parisi* in support of her assertion that she has a statutory right to appeal her DWI guilty plea. 135 N.C. App. 222, 519 S.E.2d 531 (1999). We are unpersuaded. In *Parisi*, the defendant pled guilty to DWI in superior court, and the sentencing judge determined that the defendant's prior conviction for "driving while ability impaired" in New York constituted a grossly aggravating factor. *Id.* at 222, 519 S.E.2d at 532. Defendant appealed, and this Court ruled on the

merits of the defendant's argument. *Id*. at 223, 519 S.E.2d at 532. Unlike the case at bar, there is no indication that the State raised the issue of the defendant's statutory right to appeal through a motion to dismiss, and the *Parisi* court's opinion indicates that it did not consider or rule on that issue. This Court only addressed whether the prior New York conviction was a grossly aggravating factor. *Id*. at 223-27, 519 S.E.2d at 532-34.

However, in *State v. Absher*, our Supreme Court addressed the very issue presented to us in this appeal. 329 N.C. 264, 265, 404 S.E.2d 848, 849 (1991). In *Absher*, the defendant pled guilty to DWI in superior court, and he attempted to appeal the sentencing court's judgment to this Court. *Id*. at 265, 404 S.E.2d at 849. The State filed a motion to dismiss on appeal, arguing that the defendant "had no right to appellate review from the judgment and sentence imposed pursuant to his plea of guilty." *Id*. Our Supreme Court ruled that dismissal of the defendant's appeal was necessary because "[n]one of the exceptions mentioned in [N.C. Gen. Stat. § 15A-1444(e)] apply in this case, and defendant is therefore not entitled to appeal as a matter of right from the judgment entered on his plea of guilty." *Id*. Similarly, no provision in N.C. Gen. Stat. § 15A-

1444(e) gives defendant in this case a statutory right to appeal. Thus, we dismiss defendant's appeal.

### III. Conclusion

In sum, we dismiss the appeal because defendant does not have a statutory right to appeal.

Dismissed.

Judges CALABRIA and STEPHENS concur.