STATE v. J. CLYDE RAY.

(Filed 5 January, 1938.)

**1. Criminal Law § 63—**

The Superior Court has the power in proper instances to suspend judgments and executions of judgments upon just and reasonable terms, and to impose sentence and execute a judgment upon determination that the conditions imposed had been breached.

**2. Same—Defendant consenting to terms upon which execution is suspended may not complain of execution of sentence upon breach of terms.**

Defendant charged with embezzlement entered a plea of forcible trespass, and thereupon prayer for judgment was continued upon condition that he pay certain sums into court at stated intervals, and at a subsequent term it was determined that he had not complied with the previous order, and sentence was imposed with provision that it be suspended upon substantially the same conditions. Thereafter, the judge of the Superior Court, at term, found that defendant had breached the terms upon which sentence was suspended, and adjudged that the sentence be executed. *Held:* Defendant, having pleaded guilty of the misdemeanor, and having consented, or at least having offered no objection to the conditions upon which the prayer for judgment was continued and the execution of the judgment suspended, respectively, cannot complain of the order that the sentence be executed upon his breach of the conditions.

**3. Criminal Law § 56—**

Where defendant, charged with a felony, enters a plea of guilty of a misdemeanor which is accepted by the State, his motion in arrest of judgment for defect in the indictment charging the felony cannot be sustained, the sentence being based upon his voluntary plea and not upon the indictment for a felony.

**4. Attorney and Client § 12—**

Where an attorney, charged with embezzlement, pleads guilty of forcible trespass and consents to the revocation of his license, he may not thereafter object to the revocation on the ground he had not been convicted of, or pleaded guilty to a felony.

APPEAL by defendant from *Bone, J.,* at August Term, 1937, of ORANGE. Affirmed.

The defendant, under indictment for embezzlement, at the August Term, 1935, of the Superior Court of Orange County, tendered a plea of guilty of forcible trespass which was accepted by the State. Henry A. Grady, Judge presiding, thereupon entered order "that prayer for judgment be continued on condition that defendant pay into the clerk's office for the benefit of the heirs of John Malone, deceased, the sum of $500.00 at the August Term, 1936, $500.00 at the August Term, 1937, $2,000 at the August Term, 1938, and one-third costs at each August Term for three years."

At the August Term, 1936, Clawson Williams, Judge presiding, entered an order in which it was recited that it was admitted by the defendant in open court that he had not paid the money as required by the order of Judge Grady at the August Term, 1935, that the money he was required to repay represented funds he had wrongfully withheld and expended, and that he voluntarily consented that his license to practice law be revoked, and it was thereupon adjudged that defendant be sentenced to jail for not less than twenty-three nor more than twenty-four months, the prison sentence to be suspended upon condition that defendant pay into the office of the clerk $500.00 and one-third costs on or before 7 September, 1936, and $500.00 and one-third costs on or before August Term, 1937, and $2,000 and one-third costs on or before August Term, 1938, *capias* and commitment to issue upon breach of the conditions named, upon motion of the solicitor and finding by the judge holding the courts of the district that defendant had not complied with the conditions on which the sentence was suspended.

At the August Term, 1937, upon motion of the solicitor, Walter J. Bone, Judge presiding, made the following findings: "Upon the evidence and the admission of the defendant in open court, through his counsel, the court finds as a fact that the terms and conditions upon which the sentence heretofore imposed at the August Term, 1936, of this court was suspended, have been breached in that the defendant has failed to pay into the office of the clerk of the Superior Court of Orange County the sum of $500.00 and one-third of costs which he was required by the terms of the aforesaid judgment and sentence to pay." It was thereupon adjudged that execution and commitment be issued on the judgment rendered at the August Term, 1936, and that defendant be committed to serve said sentence.

From the judgment of Bone, J., at August Term, 1937, defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*R. O. Everett and S. M. Gattis, Jr., for defendant.*

DEVIN, J.   The records of this Court disclose that the appellant was twice tried upon bills of indictment charging embezzlement, and that in each instance, upon appeal, a new trial was awarded. (*S. v. Ray,* 206 N. C., 736, 175 S. E., 109; *S. v. Ray,* 207 N. C., 642, 178 S. E., 224.) Subsequently, it appears that at the August Term, 1935, the defendant, with the consent of the solicitor for the State, and the approval of the court, entered a plea of guilty of forcible trespass, and that prayer for

judgment thereon was, upon certain conditions, continued to August Term, 1936. At the August Term, 1936, it was found by the court that these conditions had not been complied with, and thereupon sentence was imposed, with the provision, however, that the sentence be suspended upon substantially the same conditions as those previously named, that is that he make certain payments in September, 1936, and certain other payments on or before August Term, 1937. At August Term, 1937, it was found by the court that defendant had breached the conditions upon which the execution of the sentence had been suspended, and it was adjudged that the jail sentence imposed by the previous judgment be put into execution. To the last mentioned judgment, rendered at August Term, 1937, defendant excepted and appealed.

The power of the Superior Court to continue the prayer for judgment and to suspend the execution of a judgment, upon conditions, in proper cases and upon terms that are reasonable and just, and thereafter, upon determination that the conditions had been breached, to impose sentence and execute the judgment, has been upheld by this Court in numerous cases. *S. v. Hilton,* 151 N. C., 687, 65 S. E., 1011; *S. v. Everitt,* 164 N. C., 399, 79 S. E., 274; *S. v. Burnett,* 174 N. C., 796, 93 S. E., 473; *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593; *S. v. Shepherd,* 187 N. C., 609, 122 S. E., 467; *S. v. Edwards,* 192 N. C., 321, 135 S. E., 37; *Berman v. U. S.,* 82 Law Ed. (U. S.), 212.

The defendant, having pleaded guilty of a misdemeanor, and having consented, or, at least, offered no objection to the conditions upon which the prayer for judgment was continued, in the one instance, and the execution of sentence suspended in the other, is in no position now to complain. *S. v. Crook,* 115 N. C., 760, 20 S. E., 513.

The defendant's motion in arrest of judgment, on account of defect in the bill of indictment for embezzlement, cannot be sustained, since he was neither tried nor sentenced under that bill nor for that offense. He entered a plea of guilty of a misdemeanor and this plea was accepted by the State and approved by the court, and it was upon this voluntary plea that the judgment appealed from was based. The defendant was represented by counsel and it is presumed that his rights were protected.

Nor can the defendant complain of the revocation of his license to practice law. It was found by the court that this was done with the defendant's consent.

Upon a careful consideration of the record, we conclude that the judgment must be

Affirmed.