STATE OF NORTH CAROLINA v. DAVID J. NOLES

No. 7127SC622

(Filed 17 November 1971)

1. **Criminal Law § 143— activation of suspended sentence — appellate review**

When appealing from an order activating a suspended sentence, inquiries are permissible only to determine whether there is evidence to support a finding of a breach of the conditions of the suspension or whether the condition which has been broken is invalid because it is unreasonable or is imposed for an unreasonable length of time.

2. **Criminal Law §§ 23, 143— appeal from activation of suspended sentence — voluntariness of guilty plea — collateral attack on judgment**

Contention on appeal from an order activating a suspended sentence that defendant's conviction is invalid because the record does not affirmatively show that his plea of guilty was voluntarily and understandingly entered is an impermissible collateral attack on the original judgment.

State v. Noles

3. **Criminal Law § 143— suspended sentence — revocation hearing — right to counsel**

    Contention that defendant was prejudiced because he "was not advised of his right to counsel at the hearing to activate his suspended sentence" is without merit where the record shows that counsel was present at the revocation hearing and made an argument on defendant's behalf.

4. **Criminal Law § 143— revocation of suspended sentence — notice of hearing — capias**

    Capias issued to defendant constituted substantial compliance with the requirements of G.S. 15-200.1 for giving defendant notice of an intention to pray the court to revoke his suspended sentence.

5. **Criminal Law § 143— activation of suspended sentence — conviction of subsequent crime**

    The evidence supported the court's determination that defendant violated the conditions of his suspended sentence by being convicted of a subsequent crime.

APPEAL by defendant from *Grist, Judge,* 17 May 1971 Session of Superior Court, LINCOLN County.

On 13 July 1970, the defendant entered a plea of guilty in Lincoln County District Court to the offense of uttering a worthless check. The court suspended a six-month sentence for five years on condition that the defendant pay the costs of court and a $50 fine and that he violate none of the laws of North Carolina during those five years. On 10 December 1970 the defendant entered a plea of guilty in Catawba County District Court to the offense of uttering worthless checks. The court suspended a 12-month sentence for three years subject to certain terms and conditions of probation not pertinent to this appeal. On 15 January 1971, a capias was issued commanding the sheriff to arrest defendant to assure his personal appearance in Lincoln County District Court on 18 January 1971 for violating the 13 July 1970 judgment. The defendant was not able to post $300 bail and was committed to jail on 15 January 1970. On 18 May 1971 the Lincoln County District Court ordered the 13 July 1970 six-month sentence into effect because the defendant's 10 December 1970 conviction violated the terms of the suspension. The defendant appealed the activation of his suspended sentence to the Lincoln County Superior Court. A hearing was held in Superior Court wherein the defendant was allowed to testify and present evidence. On 21 May 1971 the Superior Court ordered activation of defendant's six-month sentence, and it is from that order that defendant appeals.

*Attorney General Morgan, by Staff Attorney Speas, for the State.*

*Joseph B. Roberts III for defendant appellant.*

MORRIS, Judge.

**[1, 2]**  Defendant's first two assignments of error attack the validity of the warrant upon which he was originally tried and the resulting judgment entered 13 July 1970 because there was no affirmative showing on the record that the defendant entered a plea of guilty· understandingly and voluntarily. The defendant cites *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971), as authority for his proposition, but the cases can be distinguished. Both cases involve appeals from an order activating suspended sentences and in both the contention was that guilty pleas not in compliance with *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.Ct. 1709 (1969), were entered. In *Harris* the defendant directly attacked the validity of the later judgment which was the basis for the activation of his original suspended sentence. In the present case, however, the defendant tries to attack collaterally the validity of the original judgment, where his sentence was suspended, in an appeal from the revocation of that suspension. It is here that the similarity ends and the difference lies. When appealing from an order activating a suspended sentence, inquiries are permissible only to determine whether there is evidence to support a finding of a breach of the conditions of the suspension, or whether the condition which has been broken is invalid because it is unreasonable or is imposed for an unreasonable length of time. *State v. Caudle,* 276 N.C. 550, 173 S.E. 2d 778 (1970). Questioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is, we believe, an impermissible collateral attack. The proper procedure which provides the defendant adequate opportunity for adjudication of claimed deprivations of constitutional rights is under the Post-Conviction Hearing Act. G.S. 15-217, et seq. See *State v. White,* 274 N.C. 220, 162 S.E. 2d 473 (1968).

Even if a collateral attack on the original judgment were permissible, there is no showing on the record before us that the issue of the voluntariness of the guilty plea was raised at the revocation hearing.

[3] By defendant's third and fourth assignments of error he contends that he "was not advised of his right to counsel at the hearing to activate his suspended sentence." It is clear from the record that the same attorney who represented the defendant at the 10 December 1970 trial was present at the revocation hearing in Superior Court on 21 May 1970, and that he made argument on the defendant's behalf. These assignments of error are overruled.

[4] Defendant also urges on appeal that he "was not properly informed in writing of the solicitor's intention to pray the court to activate his suspended sentence as required under G.S. 15-200.1." The capias issued to defendant on 15 January 1971 constitutes substantial compliance with G.S. 15-200.1, and we find no merit in this assignment of error. *State v. Dawkins*, 262 N.C. 298, 136 S.E. 2d 632 (1964).

[5] Finally, defendant assigns as error the entry of the judgments activating his suspended sentence, alleging that they were not supported by sufficient evidence. The evidence before the court was sufficient to support its conclusion that the defendant had violated the conditions of his suspended sentence and that the sentence should be activated.

Affirmed.

Judges PARKER and VAUGHN concur.