State v. Williams

STATE OF NORTH CAROLINA v. DONALD LEE WILLIAMS

No. 7714SC781

(Filed 7 February 1978)

1. **Criminal Law § 143.5— probation revocation hearing—adjudication of guilt—challenge not permitted**

   Defendant's contention that probation revocation proceedings should have been dismissed because the conviction upon which the probation judgment was based was "null and void" in that there was no showing that defendant's guilty pleas were voluntarily, understandingly and knowingly entered is without merit, since a defendant on appeal from an order revoking probation may not challenge his adjudication of guilt.

2. **Criminal Law § 143.10— probation revocation hearing—failure to pay fine and costs—sufficiency of evidence**

   Where there was evidence that defendant failed to pay his fine and court costs which was a condition of his probation, and there was no evidence of defendant's inability to pay, the trial court's finding that defendant wilfully and without just excuse violated the conditions of the probation judgment is supported by the record.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 28 April 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 20 January 1978.

On 5 March 1976, defendant pleaded guilty to charges of driving while his license was revoked and driving while under the influence of alcohol. He was represented by court appointed counsel. A sentence of six months was suspended and defendant was placed on probation.

On 10 January 1977, the District Court found that defendant had violated the terms upon which the sentence was suspended and ordered that it be placed in effect. Defendant appealed to the Superior Court where the court found:

"1. That according to the records of the Clerk of Superior Court, Wake County, the defendant has paid only $50.00 into the office and is in arrears by the amount of $400.00. This is in violation of the special condition of probation which states that 'fine and costs payable at the direction of the probation officer.'

The Court finds that the defendant was during most of the period from March 5th, 1976 to the time of being arrested for probation violation gainfully employed and capable of paying more than $50.00 on the fine and costs ordered.

3. That on November 24, 1976 in the District Court, County, the defendant pled not guilty to driving while license permanently revoked (Case #76CR21490) and was represented by counsel. He received a twenty-four (24) months active sentence, suspended for five years and placed on probation for five years with a $500.00 fine and $27.00 court cost. This is in violation of the condition of probation which states that he shall 'violate no penal law of any state or the Federal Government and be of general good behavior.' "

The court then ordered that the suspension of the sentence be revoked and ordered the enforcement of the judgment of the District Court.

*Attorney General Edmisten, by Associate Attorney George W. Lennon and Assistant Attorney General James Peeler Smith, for the State.*

*Loflin & Loflin, by Thomas F. Loflin III, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's principal argument appears to be that the probation revocation proceedings should have been dismissed because the conviction upon which the probation judgment was based was "null and void" in that there is no showing that defendant's pleas of guilty were voluntarily, understandingly, and knowingly entered. The argument is without merit. The identical argument was made and answered in *State v. Noles*, 12 N.C. App. 676, 678, 184 S.E. 2d 409, 410 (1971), where the Court held that "[w]hen appealing from an order activating a suspended sentence, inquiries

are permissible only to determine whether there is evidence to support a finding of a breach of the conditions of the suspension, or whether the condition which has been broken is invalid." A similar argument was made in *State v. Cordon*, 21 N.C. App. 394, 397, 204 S.E. 2d 715, 717 (1974), *cert. den.*, 285 N.C. 592, 206 S.E. 2d 864, where this Court said that "[a] defendant on appeal from an order revoking probation may not challenge his adjudication of guilt."

[2] Defendant also contends that the Court erred in finding that he had violated one of the conditions of his suspended sentence by failing to pay his fine and costs as he was ordered to do. Defendant primarily argues that there was no factual finding that defendant has had the ability to comply with the judgment, and that there was no evidence that would have permitted such a finding. Although defendant testified at the hearing, he did not suggest to the court any reason for having failed to pay as required by the order.

> "If, upon a proceeding to revoke probation or a suspended sentence, a defendant wishes. to rely upon his inability to make payments as required by its terms, he should offer evidence of his inability for consideration by the judge. Otherwise, evidence establishing that defendant has failed to make payments as required by the judgment may justify a finding by the judge that defendant's failure to comply was willful or was without lawful excuse." *State v. Young*, 21 N.C. App. 316, 320-21, 204 S.E. 2d 185, 187 (1974).

It should be noted that this Court in *Young* disapproved earlier statements found in *State v. Foust*, 13 N.C. App. 382, 185 S.E. 2d 718 (1972), which were relied upon and quoted by defendant in the present appeal. Since there was evidence that defendant had failed to pay as required by the judgment and no evidence of defendant's inability to pay, the finding that defendant wilfully and without just excuse violated the conditions of the probation judgment is supported by the record and must be affirmed.

We have considered defendant's other arguments and conclude that no error has been disclosed that requires us to disturb the judgment from which defendant appealed. It is, therefore, affirmed.

Affirmed.

Judges BRITT and ERWIN concur.