State v. Noll

New trial.

Chief Judge HEDRICK and Judge BECTON concur.

---

STATE OF NORTH CAROLINA v. STEVEN RAY NOLL

No. 875SC789

(Filed 16 February 1988)

**Criminal Law § 146.5— guilty plea—no right of appeal**

Defendant was not entitled to appeal as a matter of right where he entered a plea of guilty to ten misdemeanors. N.C.G.S. § 15A-1444(e).

APPEAL by defendant from *Griffin, Judge.* Judgments entered 22 June 1987 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 1 February 1988.

Defendant was charged in proper bills of indictment with eight counts of feloniously and intentionally distributing and dispensing a Schedule III controlled substance without a prescription in violation of G.S. 90-108(a)(2), intentionally furnishing false and fraudulent material information in a document he was required to keep and file as a dispenser of controlled substances in violation of G.S. 90-108(a)(11), and selling and delivering a Schedule III controlled substance in violation of G.S. 90-95(a)(1).

Defendant entered a plea of guilty to ten counts of refilling a prescription more than five times after the date of the prescription, misdemeanors, all in violation of G.S. 90-106(c) and G.S. 90-108(a)(2). The transcript of plea discloses the following:

11. Have you agreed to plead as part of a plea arrangement? Before you answer, I advise you that the Courts have approved plea negotiating, and if there is such, you may advise me truthfully without fear of incurring my disapproval.

Answer: Yes sir.

12. [If applicable] The prosecutor and your lawyer have informed the Court that these are all the terms and conditions of your plea. Upon plea to above, all remaining charges

against the Defendant will be dismissed. The State will make no argument regarding sentencing.

(a) Is this correct as being your full plea arrangement? Answer: Yes sir.

(b) Do you now personally accept this arrangement? Answer: Yes sir.

Upon defendant's plea of guilty in accordance with the plea arrangement the court sentenced defendant to two years imprisonment for two consolidated counts, two years for two other consolidated counts, and two years each for the remaining six counts of refilling a prescription more than five times after the date of the prescription. All the sentences were suspended, and defendant was placed on unsupervised probation. As a special condition of probation the judge ordered defendant to surrender his "License for the Practice of Pharmacy to the Pharmaceutical Licensing Board for 12 Months and not engage in the Practice of Pharmacy for this period of time." Defendant appealed.

*Attorney General Lacy H. Thornburg, by Gerald M. Swartzberg, for the State.*

*Shipman & Lea, by Gary K. Shipman, for defendant, appellant.*

HEDRICK, Chief Judge.

Although the State has failed to recognize or discuss the matter, we must consider the appealability of these cases now before us.

G.S. 15A-1444(e) in pertinent part provides:

Except as provided in subsection (a1) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

G.S. 15A-1444(a1) in pertinent part provides:

A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his sentence is supported by evidence introduced at the trial and sentencing hearing only if the prison term of the sentence exceeds the presumptive term set by G.S. 15A-1340.4, and if the judge was required to make findings as to aggravating or mitigating factors pursuant to this Article.

G.S. 15A-979(b) states that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty."

Defendant has entered a plea of guilty to ten misdemeanors. Since none of the above exceptions apply in this case, defendant is not entitled to appeal as a matter of right. Defendant has not filed a petition for writ of certiorari and so the appeal must be dismissed.

Appeal dismissed.

Judges BECTON and SMITH concur.