STATE OF NORTH CAROLINA v. PHILLIP LEE ABSHER

No. 543PA90

(Filed 12 June 1991)

**Appeal and Error § 75 (NCI4th)— guilty plea—no right to appeal**
        Defendant was not entitled to appeal as a matter of right from the judgment entered on his plea of guilty to operating a vehicle while impaired. N.C.G.S. §§ 15A-1444(e) and 7A-27(b).

**Am Jur 2d, Appeal and Error § 271.**

ON discretionary review pursuant to N.C.G.S. § 7A-31 of the unpublished decision of the Court of Appeals, 100 N.C. App. 453, 396 S.E.2d 825 (1990), which vacated the judgment entered by *Martin (Lester P.), J.,* at the 27 October 1989 Special Session of Superior Court, WILKES County. Heard in the Supreme Court on 11 April 1991.

*Lacy H. Thornburg, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General,* for the State.

*Larry S. Moore; John E. Hall; Max F. Ferree; and Ferree, Cunningham & Gray, P.A., by William C. Gray, Jr.,* for defendant-appellee.

STATE v. ABSHER

[329 N.C. 264 (1991)]

PER CURIAM.

On 18 May 1989 defendant entered a plea of guilty to operating a motor vehicle while impaired. Thereafter, on 27 October 1989, judgment and sentence were entered pursuant to N.C.G.S. § 20-179. Defendant purported to appeal from this judgment to the Court of Appeals. In its brief to the Court of Appeals, and by way of a separate motion to dismiss, the State argued that defendant had no right to appellate review from the judgment and sentence imposed pursuant to his plea of guilty.

Upon entry of a judgment in superior court pursuant to a plea of guilty to a misdemeanor, defendant's right to appellate review is governed by N.C.G.S. §§ 15A-1444(e) and 7A-27(b). *See generally State v. Bolinger*, 320 N.C. 596, 359 S.E.2d 459 (1987). N.C.G.S. § 15A-1444(e), in pertinent part, provides:

> Except as provided in subsection (a1) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, . . . .

None of the exceptions mentioned in the statute apply in this case, and defendant is therefore not entitled to appeal as a matter of right from the judgment entered on his plea of guilty. *See State v. Hester*, 93 N.C. App. 594, 378 S.E.2d 553 (1989); *State v. Noll*, 88 N.C. App. 753, 364 S.E.2d 726 (1988).[1]

The Court of Appeals erred in failing to dismiss defendant's appeal. The decision of the Court of Appeals is vacated, and this cause is remanded to that court for an order dismissing defendant's appeal and reinstating the 27 October 1989 judgment of the superior court.

Vacated and remanded.

---

1. While it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division only if and when the case is properly pending before the appellate division.