STATE OF NORTH CAROLINA v. CHERYL ANN MERRITT RUSH, Defendant

No. COA02-56

(Filed 1 July 2003)

**1. Probation and Parole— probation revocation—activated sentence**

The trial court did not err in a probation revocation case by activating defendant's sentence after she violated her probation for a second time even though defendant contends the activated sentence violated her plea agreement and that the trial court lacked jurisdiction under N.C.G.S. §§ 15A-1342 and -1344, because defendant waived any challenge when: (1) defendant failed to file a motion to withdraw her guilty plea; (2) defendant failed to give oral or written notice of appeal within ten days after the judgment was entered; and (3) defendant failed to petition for writ of certiorari.

**2. Probation and Parole— jurisdiction—three-year extension of probation—consent**

The trial court did not lack jurisdiction to activate defendant's sentence on 20 August 2001 based on a probation violation even though defendant contends the record lacks any evidence that defendant had consented to the three-year extension of her probation two years earlier on 7 September 1999, because: (1) the record does indicate consent as required by N.C.G.S. § 15A-1342; and (2) defendant waived any right to appeal this issue since she did not raise it in the revocation hearing.

Appeal by defendant from judgment entered 21 August 2001 by Judge Sanford L. Steelman in Union County Superior Court. Heard in the Court of Appeals 10 February 2003.

*Attorney General, Roy Cooper, by Special Deputy Attorney General, Lars F. Nance, for the State.*

*Kay S. Murray, for defendant-appellant.*

GEER, Judge.

On this appeal, we are asked to consider whether the trial court erred in activating defendant's sentence after she violated her probation for the second time. Defendant makes two arguments: (1) the sentence that was activated violated defendant's plea agreement; and (2) the trial court lacked jurisdiction under N.C. Gen. Stat. §§ 15A-1342 and -1344 (2001). We affirm.

On 27 January 1997, defendant pled guilty to two counts of assault with a deadly weapon on a law enforcement officer and one count of attempted common law robbery. Defendant received a suspended sentence and was placed on probation for 36 months.

The plea agreement between defendant and the State as described in the transcript of plea provided that one of the assault counts would be consolidated for judgment with the attempted robbery count and that defendant would receive two 24-month suspended sentences. Defendant and her attorney signed the transcript of plea. The judgment suspending sentence provided, however, for a minimum term of 24 months and a maximum term of 38 months on each count. Defendant signed both judgment forms.

On 7 September 1999, defendant appeared at her first revocation hearing as a result of having absconded to Indianapolis. Although the

court found defendant in violation of her probation, the court extended her probation for another three years instead of activating her sentence.

Two years later, on 20 August 2001, defendant appeared for a second probation revocation hearing. Defendant admitted that she again violated her probation by failing to fulfill the monetary conditions of her probation and by absconding from the Salvation Army Women's Shelter. Judge Sanford Steelman activated defendant's suspended sentence. Defendant argued only that medical conditions had led to the probation violation and that the sentences should run concurrently given defendant's lack of a prior record.

[1] In activating defendant's sentence, the court stated that defendant's original sentence was 24 to 38 months for each offense. Defendant's attorney did not correct the sentence description or object that the sentence of 24 to 38 months was inconsistent with the plea agreement. Defendant now requests that she be discharged or alternatively that she be returned to the trial court for re-sentencing in accordance with her plea agreement.

Upon entry of a judgment inconsistent with her plea agreement, defendant had three options. First, defendant could have filed a motion to withdraw her guilty plea based on the judgment's being inconsistent with the plea agreement. N.C. Gen. Stat. § 15A-1024 (2001) allows a defendant to withdraw his or her plea if the sentence imposed is inconsistent with the plea agreement. *See State v. Handy*, 326 N.C. 532, 536, 391 S.E.2d 159, 161 (1990) (discussing a defendant's attempt to withdraw a guilty plea after he hears and is dissatisfied with the sentence).

Second, defendant could have appealed immediately if defendant's assignments of error fell within the scope of N.C. Gen. Stat. § 15A-1444 (2001) (specifying grounds for appeal from sentence following guilty plea). At the time of defendant's plea agreement hearing, the time for filing notice of appeal was 10 days after entry of the judgment. *State v. Rannels*, 333 N.C. 644, 665, 430 S.E.2d 254, 266 (1993).

Defendant's final alternative was to file a petition for *writ of certiorari*, as provided in N.C. Gen. Stat. § 15A-1444(e). A *writ of certiorari* may also be issued "in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by fail-

ure to take timely action . . . ." N.C.R. App. P. 21(a)(1). Although our Rules of Appellate Procedure do not set forth a specific time period in which a defendant must file a petition for *writ of certiorari,* the "petition shall be filed without unreasonable delay . . . ." N.C.R. App. P. 21(c). Here, defendant has not filed a petition for *writ of certiorari* and, in any event, we conclude that, under the circumstances of this case, a four-year delay in challenging a judgment constitutes "unreasonable delay."

By failing to exercise any of her options, defendant waived her right to challenge the judgment. This appeal amounts to an impermissible collateral attack on the initial judgment. *State v. Noles,* 12 N.C. App. 676, 678, 184 S.E.2d 409, 410 (1971) ("Questioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is, we believe, an impermissible collateral attack."). *See also* N.C. Gen. Stat. § 15A-1027 (2001) ("Noncompliance with the procedures [governing guilty pleas in superior court] may not be a basis for review of a conviction after the appeal period for the conviction has expired.").

We hold that since defendant failed to file a motion to withdraw her guilty plea, failed to give oral or written notice of appeal within ten days after the judgment was entered, and failed to petition for *writ of certiorari,* she has waived any challenge to the 1997 judgment. Therefore, we need not consider the issue whether defendant assented to the 24 to 38 month term by signing the judgments suspending sentence.

[2] Defendant also contends that the trial court lacked jurisdiction to activate her sentence on 20 August 2001 because the record lacks any evidence that defendant had consented to the three-year extension of her probation two years earlier on 7 September 1999. We believe the record does indicate consent as required by N.C. Gen. Stat. § 15A-1342 (2001) (allowing three-year extension of period of probation beyond the original period with the consent of the defendant). Upon finding on 7 September 1999 that defendant had willfully violated the conditions of her probation, the trial court was entitled to revoke defendant's probation and activate her sentence. N.C. Gen. Stat. § 15A-1344(d) (2001). Instead of activating her sentence, the trial court chose to extend defendant's probationary period. The record does not contain any suggestion that defendant ever objected to this determination prior to this appeal, but rather reveals that she accepted both the terms and the benefits of the modified order. In

STATE v. RUSH

[158 N.C. App. 738 (2003)]

any event, because defendant did not raise this issue in the revocation hearing, she has waived any right to appeal this issue. *State v. Tozzi*, 84 N.C. App. 517, 520, 353 S.E.2d 250, 252 (1987).

Affirmed.

Chief Judge EAGLES and Judge MARTIN concur.