STATE OF NORTH CAROLINA v. NICHOLAS HOLMES

No. 283PA06

(Filed 28 June 2007)

**Appeal and Error; Sentencing— appeal of probation revocation—challenge to aggravated sentences—improper collateral attack**

Defendant could not attack the aggravated sentences imposed and suspended in 11 March 2004 trial court judgments based on *Blakely v. Washington*, 542 U.S. 296 (2004), when appealing from the 9 March 2005 trial court order revoking his probation and activating his sentences, because: (1) defendant cannot question his original sentences when appealing his 2005 probation revocation since such a challenge is an impermissible collateral attack on the sentences imposed pursuant to his 2004 guilty plea; (2) a direct appeal from the original judgment lies only when the sentence is originally entered, and defendant could

have appealed his 2004 judgments as a matter of right by giving notice of appeal within the time limit mandated by our appellate rules but failed to do so; and (3) *Blakely* is inapplicable to this case when the United States Supreme Court decided *Blakely* on 24 June 2004, and defendant's aggravated sentences entered on 11 March 2004 were not under direct appeal at the time of *Blakely* nor are they now under direct review.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 177 N.C. App. 565, 629 S.E.2d 620 (2006), affirming in part and vacating and remanding in part probation revocation judgments entered 9 March 2005 by Judge Jack A. Thompson in Superior Court, Cumberland County, which activated sentences imposed in judgments entered 11 March 2004 by Judge E. Lynn Johnson in Superior Court, Cumberland County following defendant's plea of guilty. Heard in the Supreme Court 9 May 2007.

*Roy Cooper, Attorney General, by Amy C. Kunstling, Assistant Attorney General, and Robert C. Montgomery, Special Deputy Attorney General, for the State-appellant.*

*Jeffrey Evan Noecker for defendant-appellee.*

NEWBY, Justice.

This case presents the issue of whether a suspended sentence can be challenged when appealing the trial court's order revoking probation and activating the sentence. We hold that a direct appeal from the original judgment lies only when the sentence is originally entered. Accordingly, we reverse the Court of Appeals as to that issue.

Defendant pled guilty on 11 March 2004 to second-degree kidnapping, assault inflicting serious bodily injury, and accessory after the fact to second-degree rape. The trial court determined defendant had a prior record level of I and found two aggravating factors as to the kidnapping and assault charges: (1) that defendant joined with more than one other person in committing the offense and was not charged with committing conspiracy; and (2) that the victim has great mental suffering. The trial court sentenced defendant in the aggravated range for the kidnapping and assault charges and in the presumptive range for the accessory after the fact to rape charge. The court ordered all sentences to run consecutively, but suspended the

sentences and placed defendant on sixty months probation. Defendant did not appeal his sentences.

On 15 February 2005, defendant's probation officer filed violation reports. After a hearing, the trial court entered an order on 9 March 2005 revoking defendant's probation and activating his three consecutive sentences. Defendant appealed the probation revocation to the Court of Appeals, where he argued: (1) the trial court abused its discretion by revoking his probation; and (2) his sentences for kidnapping and assault were unconstitutionally aggravated in violation of the United State Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), because the aggravating factors were found by a judge and not submitted to a jury. The Court of Appeals affirmed in part, finding that the trial court did not abuse its discretion by revoking defendant's probation and upholding the activation of defendant's presumptive range sentence for the accessory after the fact to rape conviction. *State v. Holmes*, 177 N.C. App. 565, 629 S.E.2d 620, 2006 WL 1319836, at *2-3 (May 16, 2006) (No. COA05-986) (unpublished). However, the court determined that the aggravated sentences should be vacated and remanded to the trial court for resentencing in light of *Blakely*. *Id.* at *3. On 19 December 2006, we allowed the State's petition for discretionary review of that issue. *State v. Holmes*, 361 N.C. 174, 641 S.E.2d 308 (2006).

The sole question before us is whether defendant can attack the aggravated sentences imposed and suspended in the 11 March 2004 trial court judgments based on *Blakely* by appealing from the 9 March 2005 trial court order revoking his probation and activating his sentences. Relying on two Court of Appeals decisions, the State contends that defendant cannot question his original sentences when appealing his 2005 probation revocation, because such a challenge is an impermissible collateral attack on the sentences imposed pursuant to his 2004 guilty plea. We agree.

Although this Court has not addressed this specific issue, the Court of Appeals has done so on at least two occasions. Over thirty-five years ago, in *State v. Noles*, 12 N.C. App. 676, 184 S.E.2d 409 (1971), the defendant, while appealing the revocation of his probation, challenged aspects of his original conviction. The Court of Appeals held: "Questioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is, we believe, an impermissible collateral attack." *Id.* at

678, 184 S.E.2d at 410. More recently, in *State v. Rush,* 158 N.C. App. 738, 582 S.E.2d 37 (2003), the Court of Appeals found that by failing to appeal from the original judgment suspending her sentences, the defendant waived any challenge to that judgment and thus could not attack it in the appeal of a subsequent order activating her sentence. *Id.* at 741, 582 S.E.2d at 39.

We find the reasoning of the Court of Appeals in *Noles* and *Rush* persuasive. In the case *sub judice,* defendant could have appealed his 2004 judgments as a matter of right by giving notice of appeal within the time limit mandated by our appellate rules. *See* N.C.G.S. §§ 15A-1342(f), -1444 (2005); N.C. R. App. P. 4(a). Defendant did not appeal the 2004 judgments, and consequently they became final. Defendant now attempts to attack the sentences imposed and suspended in 2004 in his appeal from the 2005 judgments revoking his probation and activating his sentences. We conclude, consistent with three decades of Court of Appeals precedent, that this challenge is an impermissible collateral attack on the original judgments.

Finally, we note that the United States Supreme Court decided *Blakely* on 24 June 2004. Defendant's aggravated sentences entered on 9 March 2004 were not under direct appeal at the time of *Blakely*—nor are they now under direct review. Consequently, we find that *Blakely* is inapplicable to this case. *See State v. Hinnant,* 351 N.C. 277, 287, 523 S.E.2d 663, 669 (2000) (applying a constitutional ruling "only to trials commencing on or after the certification date of this opinion or to cases on direct appeal"); *see also Griffith v. Kentucky,* 479 U.S. 314, 322-23, 107 S. Ct. 708, 713, 93 L. Ed. 2d 649, 658-59 (1987) (discussing the rationale for applying newly declared constitutional rules to criminal cases pending on direct review).

For the reasons stated, we reverse the decision of the Court of Appeals as to the *Blakely* issue before this Court on discretionary review. The other issues addressed by the Court of Appeals are not before this Court, and that court's decision as to those issues remains undisturbed.

REVERSED IN PART.