STATE OF NORTH CAROLINA
v.
AMBER RACHEL BENITEZ, Defendant.
No. COA07-493
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Anne Goco Kirby, for the State.
Allen W. Boyer for defendant-appellant.
ELMORE, Judge.
Amber Rachel Benitez Holt (defendant) appeals from the trial court's modification of her probation after its finding that she had committed three violations of the conditions of her probation. For the reasons stated below, we affirm.
On 22 May 2003, defendant pled guilty to a charge of indecent liberties with a child. The trial court imposed a sentence of thirteen to sixteen months' imprisonment, then suspended the sentence and placed defendant on probation for thirty-six months. In addition to the regular conditions of probation, defendant was also subject to three special conditions of probation, one special condition for sex offenders, and additional special conditions pursuant to a sex offender control program. The sex offender control program, a two-page document, was also signed by the trial court on 22 May 2003.
On 8 September 2003, the trial court modified defendant's probation to waive fifty hours of community service. The trial court again modified defendant's probation on 14 January 2004 to permit an additional minor to reside in her household, and further modified the special conditions of probation on 7 April 2004 to include a safety protection plan for the additional minor. Upon a motion to modify the conditions of probation for good cause with charge of violation, the trial court on 27 April 2006 found good cause to modify the original judgment suspending sentence. Under "other modifications of probation," the trial court extended defendant's term of probation for a period of one year and modified the special conditions of probation as follows:
the def[endant] admits to the attached violation report and agrees with a voluntary modification to extend this case one year and the def[endant] must reenter sex offender treatment with [D]r. [E]llen [P]onton and staff and successfully complete same. [P]robation reserves the right to use this violation in the future if needed due to unsuccessful completion of the modified conditions.
Defendant signed this modification order on 27 April 2006.
Probation Officer Teresa Rettinger filed a violation report on 7 June 2006, which alleged that defendant had willfully violated a sex offender special condition and a special condition of probation involving prescription medications. On 20 July 2006, Officer Rettinger filed a second violation report, which alleged that defendant had again violated a sex offender special condition by possessing pornographic photographs on the hard drives of two computers. The report also alleged that defendant had earlier possessed a pornographic videotape, which had resulted in the modification of her conditions of probation on 27 April 2006.
Officer Rettinger testified that she considered the sex offender control program to be part of defendant's probation, and she stated that defendant was aware of those conditions. At the probation revocation hearing, which began on 21 September 2006, Officer Rettinger testified that she helped search defendant's home on 2 June 2006. She and other officers discovered a current Penthouse magazine addressed to defendant. Officer David Callaway found three vials of oxycodone and one vial of morphine in a bag inside a storage area of a computer stand. The name on the prescription labels of the vials had been scratched out. Deputy Louis Burgess testified that he discovered pornographic photographs when he examined the hard drives of two computers that defendant used.
Mitch Holt, defendant's husband, testified that a friend was responsible for making the pornographic videotape and that defendant had nothing to do with its creation. He stated that the laptop computer belonged to him and that he had administrator rights to the other computer on which the photographs had been found. Mr. Holt said that he was unaware of defendant having downloaded any of the photographs in question. He testified that the Penthouse magazine subscription had been ordered in April of 2006 and that he "usually 99 percent of the time" got their mail out of the mailbox.
Mr. Holt testified that a client of defendant named Terry told him that she brought the prescription medicine. He stated that he had no idea how the medication had gotten into the house and had never seen defendant with the medication. He described the location where the medication was discovered as a common area of their house. During cross-examination, Mr. Holt indicated that the laptop computer only had one profile and that the desktop computer had separate profiles for him and defendant.
Upon the conclusion of the probation revocation hearing on 22 September 2006, the trial court found that defendant had violated all three conditions alleged in the two violation reports. The trial court extended defendant's probation for a period of three years and placed her on intensive probation for the entire probationary period. The trial court also ordered defendant to serve an active term of ninety days' imprisonment. From the trial court's order, defendant appeals.
Defendant contends that the trial court was without jurisdiction to conduct the probation revocation hearing because the two violation reports occurred after her thirty-six-month probationary period had ended. She argues that the 27 April 2006 order, which extended her probationary period until 21 May 2007, was invalid. We disagree.
Defendant cannot challenge the 27 April 2006 order, which extended her probationary period, by appealing the 22 September 2006 order, for such an approach would be an "impermissible collateral attack." State v. Noles, 12 N.C. App. 676, 678, 184 S.E.2d 409, 410 (1971). Her proper recourse would have been either to appeal as a matter of right within fourteen days after entry of the 27 April 2006 order or to petition this Court for review pursuant to a writ of certiorari if her right to prosecute the appeal had been lost by failure to take timely action. See N.C.R. App. P. 4(a)(2), 21(a) (2007).
In her remaining argument, defendant contends that the trial court erred by finding violations of conditions of a sex offender control program, which she asserts was never a part of her original probationary judgment. She seeks to have the matter remanded to the trial court for a rehearing as to the possession of a controlled substance violation. Defendant's argument is not persuasive.
"Any violation of a valid condition of probation is sufficient to revoke [a] defendant's probation." State v. Tozzi, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). Assuming arguendo that defendant's claim as to the inapplicability of the conditions of the sex offender control program had merit, the State presented competent evidence that defendant had violated the special condition of probation that she "not use, possess or control any . . . controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed to it . . . ." The trial court then found that defendant had violated this special condition of probation and proceeded to modify the terms of defendant's probation. Defendant has not assigned error to the finding of this violation and has not raised it on appeal. We conclude that there was competent evidence in the record to support the trial court's finding that defendant willfully violated this special condition of her probation, and this violation alone is sufficient to support the trial court's modification of her probation.
Affirmed.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).