IN THE SUPREME COURT OF NORTH CAROLINA

No. 371PA13

FILED 12 JUNE 2014

STATE OF NORTH CAROLINA

v.

WILLIAM HERBERT PENNELL, IV

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 746 S.E.2d 431 (2013), affirming in part, vacating and remanding in part, and arresting in part judgments entered on 5 June 2012 by Judge Christopher W. Bragg in Superior Court, Iredell County. Heard in the Supreme Court on 19 February 2014.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, and Joseph L. Hyde, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Jason Christopher Yoder, Assistant Appellate Defender, for defendant-appellee.*

BEASLEY, Justice.

We consider whether, on direct appeal from the activation of a suspended sentence, a defendant may challenge the jurisdictional validity of the indictment underlying his original conviction. Because a challenge to the validity of the original judgment constitutes an impermissible collateral attack, we hold that defendant's appeal was not proper. Accordingly, we reverse the decision of the Court of Appeals with respect to this issue.

Defendant William Herbert Pennell pleaded guilty on 2 December 2010 to two counts of felony breaking or entering, two counts of felony larceny after breaking or entering, and one count of possession of cocaine. Defendant received four consecutive sentences of eight to ten months for each of the property offenses and one sentence of six to eight months for the drug possession conviction. Under a plea arrangement, defendant's sentences were suspended and he was placed on thirty-six months of supervised probation.

On 16 June 2011, defendant's probation officer filed five probation violation reports. After a hearing, the trial court modified defendant's sentences by extending the length of his probation by twenty-four months. Defendant's probation officer filed five additional violation reports on 18 August 2011. On 13 October 2011, the trial court revoked defendant's probation and activated his sentence on one count of larceny after breaking or entering in case number 10 CRS 57417. The trial court modified defendant's other sentences to add six months of intensive supervised probation following his release from his activated sentence.

On 3 February 2012, defendant's probation officer filed four additional probation violation reports. After a hearing, the trial court entered judgment on 5 June 2012 revoking defendant's probation and activating his sentences for the remaining offenses for which he was on probation.

Defendant appealed the 5 June 2012 judgments to the Court of Appeals. In

his appeal defendant first argued that the trial court erred in activating his sentence for larceny after breaking or entering in case number 10 CRS 57417 because his sentence for this count of larceny had already been activated and served pursuant to the trial court's revocation of defendant's probation on 13 October 2011. The Court of Appeals agreed. *State v. Pennell*, ___ N.C. App. ___, ___, 746 S.E.2d 431, 444 (2013). The Court of Appeals concluded that the trial court intended to revoke defendant's probation for the count of breaking or entering in case number 10 CRS 57417 rather than the count of larceny after breaking or entering in the case having the same number, and remanded the judgment and commitment to the trial court to correct the clerical mistake in its judgment. *Id.* at ___, 746 S.E.2d at 444.

Defendant's second argument before the Court of Appeals was that the trial court lacked subject matter jurisdiction to revoke his probation on the count of felony larceny in case number 09 CRS 53255 because the original indictment for the offense was fatally defective. Relying predominantly on this Court's holding in *State v. Ray*, 212 N.C. 748, 194 S.E. 472 (1938), the Court of Appeals held that defendant's appeal was proper, determined that the original indictment was defective, and arrested revocation of defendant's probation on that count. *Pennell*, ___ N.C. App. at ___, 746 S.E.2d at 442-44. On 3 October 2013, we allowed the State's petition for discretionary review. *State v. Pennell*, ___ N.C. ___, 748 S.E.2d 534 (2013).

The issue now before this Court is whether a defendant may collaterally challenge the validity of an underlying indictment by means of an appeal from revocation of his probation. The State contends that defendant may not challenge the indictment underlying his conviction in an appeal from a judgment revoking probation because the appeal constitutes an impermissible collateral attack on the initial judgment accepted by defendant under his 2 December 2010 guilty plea. In response, defendant argues that because the original indictment was facially defective, the trial court lacked subject matter jurisdiction to adjudicate one charge of larceny, and therefore, the court's initial judgment is void. Defendant asserts that a challenge to the trial court's jurisdiction "may be raised at any time" and that "a collateral attack is permissible when the underlying judgment is void." Defendant contends that it is therefore appropriate to hear a challenge to the trial court's jurisdiction over the original conviction and sentence in an appeal from the probation revocation activating his suspended sentence.

The Court of Appeals agreed with defendant's arguments and held that defendant's appeal was proper. *Pennell*, ___ N.C. App. at ___, 746 S.E.2d at 442. Central to its conclusion was this Court's holding in *State v. Ray*. *Id.* at ___, 746 S.E.2d at 439. There, the defendant was indicted for embezzlement but pleaded guilty to a charge of trespass. *Ray*, 212 N.C. at 748, 194 S.E. at 472. The defendant's sentence was suspended on the condition that he pay specific remuneration to the trial court for the benefit of individuals we presume to be the

victims of his embezzlement. *Id.* at 748-49, 194 S.E. at 472-73. After the defendant failed to comply with these conditions, the trial court ordered that "the jail sentence imposed by the previous judgment be put into execution." *Id.* at 750, 194 S.E. at 473. In response to the defendant's appeal, this Court concluded that "[t]he defendant's motion in arrest of judgment, on account of defect in the bill of indictment for embezzlement, cannot be sustained, since he was neither tried nor sentenced under that bill nor for that offense." *Id.* at 750, 194 S.E. at 473-74. From this determination the Court of Appeals concluded that, because this Court "addressed a defendant's argument, in an appeal from the revocation of a suspended sentence, that the indictment for the underlying sentence was defective," our precedent demonstrated that such an appeal was properly before the Court and thus may be addressed on its merits. *Pennell*, ___ N.C. App. at ___, 746 S.E.2d at 439.

We take this opportunity to address *Ray* and reemphasize the limitations this Court has since recognized with respect to challenges to jurisdiction on appeal. First, this Court in *Ray* did not squarely address whether a jurisdictional challenge to an original judgment may be raised in an appeal from the activation of a suspended sentence. Rather, this Court observed that the defendant's assertion of error was baseless because the defendant was not convicted under the indictment he was attempting to challenge. This brief conclusion by our Court that the defendant's appeal lacked merit for this reason is altogether insufficient to support

the weight placed upon it by the Court of Appeals.

Moreover, since deciding *Ray* this Court has recognized limitations on challenges to jurisdiction on appeal. "While it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division only if and when the case is properly pending before the appellate division." *State v. Absher*, 329 N.C. 264, 265 n.1, 404 S.E.2d 848, 849 n.1 (1991) (per curiam). Our inquiry is thus whether defendant's case is properly before our appellate courts.

In *State v. Holmes*, 361 N.C. 410, 646 S.E.2d 353 (2007), this Court addressed "whether a suspended sentence can be challenged when appealing the trial court's order revoking probation and activating the sentence." *Id.* at 411, 646 S.E.2d at 354. There the defendant pleaded guilty to second-degree kidnapping, assault inflicting serious bodily injury, and accessory after the fact to second-degree rape. *Id.* He was sentenced in the aggravated range for the kidnapping and assault charges, but all his sentences were suspended. 361 N.C. at 411-12, 646 S.E.2d at 354. The defendant did not appeal the sentences. *Id.* at 412, 646 S.E.2d at 354. A year later, defendant violated the conditions of his probation and his three sentences were activated. *Id.* He appealed the activation of his sentences, arguing, *inter alia*, that "his sentences for kidnapping and assault were unconstitutionally aggravated in violation of the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)." *Id.*

Recognizing the reasoning of prior cases from the Court of Appeals, we held that "a direct appeal from the original judgment lies only when the sentence is originally entered." 361 N.C. at 411, 646 S.E.2d at 354.

In reaching our holding in *Holmes*, we were persuaded by the reasoning of the Court of Appeals in *State v. Noles*, 12 N.C. App. 676, 184 S.E.2d 409 (1971), and *State v. Rush*, 158 N.C. App. 738, 582 S.E.2d 37 (2003). *Holmes*, 361 N.C. at 412-13, 646 S.E.2d at 355. The Court of Appeals in *Noles* addressed facts similar to those presently before us: in an appeal from the revocation of his probation, the defendant in *Noles* attacked "the validity of the warrant upon which he was originally tried . . . because there was no affirmative showing on the record that the defendant entered a plea of guilty understandingly and voluntarily." *Noles*, 12 N.C. App. at 678, 184 S.E.2d at 410. The Court of Appeals concluded that the defendant's appeal was not proper because "inquiries [when appealing from an order activating a suspended sentence] are permissible only to determine whether there is evidence to support a finding of a breach of the conditions of the suspension, or whether the condition which has been broken is invalid because it is unreasonable or is imposed for an unreasonable length of time." *Id.* (citing *State v. Caudle*, 276 N.C. 550, 173 S.E.2d 778 (1970)). The Court of Appeals thus concluded that "[q]uestioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is, we believe, an impermissible collateral attack." *Id.*

More than thirty years later, the Court of Appeals again addressed similar

facts. The defendant in *State v. Rush* entered into a plea agreement with the State in which the defendant "would receive two 24-month suspended sentences." *Rush*, 158 N.C. App. at 739, 582 S.E.2d at 38. But the judgment documents suspending the sentences and signed by the defendant stated that the two sentences being suspended were "for a minimum term of 24 months and a maximum term of 38 months." *Id.* The defendant later violated her probation, and the trial court activated the sentences as stated in the judgment forms. 158 N.C. App. at 740, 582 S.E.2d at 38. On appeal from the revocation of the defendant's probation, the Court of Appeals determined that "by failing to exercise any of her options" to assert that the judgment entered was inconsistent with her plea agreement, the defendant's appeal "amount[ed] to an impermissible collateral attack on the initial judgment." *Id.* at 741, 582 S.E.2d at 39 (citing *Noles*, 12 N.C. App. at 678, 184 S.E.2d at 410) (summarizing the defendant's options to assert error as (1) filing a motion under N.C.G.S. § 15A-1024 to withdraw her guilty plea based on the judgments being inconsistent with the plea agreement, (2) appealing within ten days after entry of the judgments if her grounds of appeal fell under N.C.G.S. § 15A-1444, and (3) filing a petition for writ of certiorari as permitted under section 15A-1444(e)). In *Holmes* this Court summarized the Court of Appeals' determination in *Rush* to be that "by failing to appeal from the original judgment suspending her sentences, the defendant waived any challenge to that judgment and thus could not attack it in the appeal of a subsequent order activating her sentence." *Holmes*, 361 N.C. at 413,

646 S.E.2d at 355 (citing *Rush*, 158 N.C. App. at 741, 582 S.E.2d at 39).

In finding *Noles* and *Rush* to be persuasive, this Court observed that the defendant in *Holmes* could have appealed his initial judgments, but failed to do so. *Id.* The Court thus concluded that the defendant's attempt to subsequently attack the sentences imposed in those original judgments in an appeal from the order revoking his probation and activating his sentence was "an impermissible collateral attack on the original judgments." *Id.*

The reasoning this Court found persuasive in *Holmes* is also persuasive here. As in *Holmes*, defendant failed to appeal from his original judgment. He may not now appeal the matter collaterally via a proceeding contesting the activation of the sentence imposed in the original judgment.[1] As such, defendant's present challenge to the validity of his original conviction is improper. Because a jurisdictional challenge may only be raised when an appeal is otherwise proper, *Absher*, 329 N.C. at 265 n.1, 404 S.E.2d at 849 n.1, we hold that a defendant may not challenge the jurisdiction over the original conviction in an appeal from the order revoking his probation and activating his sentence. The proper procedure through which defendant may challenge the facial validity of the original indictment is by filing a

---

[1] *State v. Neeley*, 307 N.C. 247, 249, 297 S.E.2d 389, 391 (1982), establishes that a defendant may raise a constitutional claim of right to counsel for the first time after a suspended sentence has been activated. *Id.* As we observed in *Neeley*, however, our holding there "only addresses those circumstances in which a defendant seeks to challenge the validity of an original *uncounseled* prison sentence at a later time when the prison sentence is activated." 307 N.C. at 250, 297 S.E.2d at 391 (emphasis added).

motion for appropriate relief under N.C.G.S. § 15A-1415(b) or petitioning for a writ of habeas corpus. Our holding here does not prejudice defendant from pursuing these avenues.

For the reasons stated above, we reverse the decision of the Court of Appeals on the issue of whether defendant's appeal may be based solely upon a challenge to the trial court's original jurisdiction and instruct the Court of Appeals to reinstate the judgment of the trial court revoking defendant's probation on the felony larceny count in case number 09 CRS 53255. The holding by the Court of Appeals addressing the trial court's clerical error in activating a sentence that defendant had already served is not before this Court and remains undisturbed.

REVERSED IN PART.