STROUD, Judge.
On or about 17 September 2014, Marquello Deshond Ward ("defendant") pled guilty to common law robbery, possession of a firearm by a convicted felon, and attaining habitual felon status as to the firearm possession offense. The trial court sentenced defendant to an active prison term of 13 to 25 months for the robbery and a consecutive term of 70 to 96 months for possession of a firearm by a convicted felon, as enhanced by defendant's habitual felon status. Defendant filed a handwritten pro se notice of appeal on 25 September 2014.
In his sole argument on appeal, defendant contends the trial court lacked jurisdiction to sentence him as a habitual felon for possession of a firearm as a convicted felon, because he committed the substantive offense on or about 25 June 2014, after the grand jury returned the habitual felon indictment on or about 3 March 2014. See State v. Ross, 221 N.C.App. 185, 190-91, 727 S.E.2d 370, 374 (2012) (holding that the trial court lacked jurisdiction to accept the defendant's habitual felon guilty plea because the grand jury returned the habitual felon indictment before the defendant committed the substantive offenses for which he was convicted), disc. review denied, 366 N.C. 570, 738 S.E.2d 369 (2013). Acknowledging several defects in the pro se notice of appeal, defendant's appellate counsel has also filed a petition for writ of certiorari as an alternative basis for this Court to review his issue. The State moves to dismiss defendant's appeal, arguing that the jurisdictional issue raised is not cognizable on direct appeal from a guilty plea under N.C. Gen.Stat. §§ 15A-1444(a1), (a2), (e), -979(b) (2013). Citing our decision in State v. Jamerson, the State further contends that N.C.R.App. P. 21(a)(1) does not authorize our review of the issue raised by defendant by writ of certiorari. See 161 N.C.App. 527, 529, 588 S.E.2d 545, 547 (2003). Because defendant presents no issue reviewable on direct appeal, the State insists that he must raise his issue via a motion for appropriate relief in the trial court. We agree with the State's analysis.
"While it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division only if and when the case is properly pending before the appellate division." State v. Pennell, 367 N.C. 466, 469, 758 S.E.2d 383, 385 (2014) (quoting State v. Absher, 329 N.C. 264, 265 n. 1, 404 S.E.2d 848, 849 n. 1 (1991) (per curiam )). Because he has failed to assert any of the grounds for relief authorized by N.C. Gen.Stat. §§ 15A-1444(a1), (a2), (e),-979(b), defendant does not have an appeal of right to this Court. See Jamerson, 161 N.C.App. at 52829, 588 S.E.2d at 546-47. Nor do our appellate rules allow the issuance of a writ of certiorari for the purpose of reaching defendant's jurisdictional issue. See id. at 529, 588 S.E.2d at 547. Accordingly, we must dismiss defendant's appeal. See id. at 530, 588 S.E.2d at 547.
For the reasons discussed above, we deny defendant's petition for writ of certiorari and allow the State's motion to dismiss his appeal. Our ruling is without prejudice to defendant's right to file a motion for appropriate relief in the trial court. See Pennell, 367 N.C. at 472, 758 S.E.2d at 387.
APPEAL DISMISSED.
Judges DAVIS and INMAN concur.
Report per Rule 30(e).