CALABRIA, Judge.
Andrew Ross Hostetler ("defendant") appeals from judgments entered upon his guilty plea to nine sexual offenses. Defendant asserts no issue cognizable within his limited right of appeal; therefore, we dismiss his appeal.
On 13 October 2015, defendant entered a guilty plea to: (1) three counts of sexual offense with a child by an adult offender; (2) two counts of rape of a child by an adult offender; (3) two counts of taking indecent liberties with a child; (4) one count of felonious incest; and (5) one count of first degree sexual offense. The trial court sentenced defendant to three consecutive terms of 300 to 369 months in the custody of the North Carolina Division of Adult Correction. Defendant appeals.
Defendant argues that the trial court lacked subject matter jurisdiction to enter judgment for incest as a Class B1 felony, because the indictment only alleged the elements of a Class F offense. The State, citing State v. Absher , 329 N.C. 264, 404 S.E.2d 848 (1991) (per curiam) and State v. Jamerson , 161 N.C. App. 527, 588 S.E.2d 545 (2003), argues that defendant has no appeal of right and moves this Court to dismiss his appeal. We agree with the State.
"In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." Jamerson , 161 N.C. App. at 528, 588 S.E.2d at 546 (citation omitted). A defendant who pleads guilty to a felony and is sentenced within the presumptive range has a statutory right to appeal (1) the denial of a motion to suppress, pursuant to N.C. Gen. Stat. § 15A-979(b) (2015) ; and (2) the issues of whether the sentence imposed results from an incorrect prior record level finding, or contains an unauthorized disposition or term of imprisonment, pursuant to N.C. Gen. Stat. § 15A-1444(a2)(1)-(3).
Generally, the issue of subject matter jurisdiction may be raised at any time. See State v. Wilson , 128 N.C. App. 688, 691, 497 S.E.2d 416, 419, disc. review improvidently allowed , 349 N.C. 289, 507 S.E.2d 38-39 (1998). However, "[w]hile it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division only if and when the case is properly pending before the appellate division." Jamerson , 161 N.C. App. at 529, 588 S.E.2d at 547 (alteration in original) (quoting Absher , 329 N.C. at 265 n.1, 404 S.E.2d at 849 n.1 ).
Here, although defendant challenges the trial court's jurisdiction, he has not raised an issue cognizable within his limited right to appeal from his guilty plea, pursuant to N.C. Gen. Stat. §§ 15A-979 and 15A-1444. Therefore, we dismiss defendant's appeal.
APPEAL DISMISSED.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.